CARVER *v.* STATE OF INDIANA.

[No. 30,149. Filed June 28, 1962.]

*Jay B. Haggerty* and *Haggerty & Haggerty*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, and *William D. Ruckelshaus*, Assistant Attorney General, for appellee.

ARTERBURN, C. J.—The appellant was charged with the crime of grand larceny of the goods and chattels of Roy Vittorio, namely Ninety Eight (98) cartons of cigarettes of the value of Two Hundred and Twenty Seven Dollars and Ninety Two Cents ($227.92) in lawful money, Thirty Nine (39) Fifty Dollar ($50.00) American Express Company Blank Money Orders, of the value of Nineteen Hundred and Fifty Dollars ($1,950.00) and Sixteen (16) One Hundred Dollar ($100.00) American Express Company Blank Money Orders of the value of Sixteen Hundred Dollars ($1,600.00). Upon trial, the jury returned a verdict of guilty and the trial court rendered judgment accordingly.

On this appeal it is argued first that appellant was prejudiced by the admission of evidence of other items claimed to have been stolen at the same time, namely, a rubber identification stamp used in connec-

tion with the money orders and a green metal box in which the money orders and stamp were kept.

The evidence shows that about five days after the theft a lady brought the rubber stamp in to the owner of the store and stated that the stamp was found in the alley back of her garage in the same block in which the appellant was arrested. The stamp had the owner's name and address on it and the owner testified the rubber stamp was in the money order box on the night before the box, money orders and cigarettes were missing. The money order box containing the blank money orders and numerous cartons of cigarettes were found in the trunk of the car to which the appellant had the keys at the time of his arrest.

Although the appellant was not charged with taking the money order box or the rubber stamp, the fact that they were part of the property missing following the night of the alleged larceny makes the evidence with reference thereto part of the res gestae as well as competent to prove the corpus delicti. Wharton's Criminal Evidence, p. 627, §279; *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647; *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681; *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556.

The court did not err in its ruling on the evidence in connection with these items.

A conviction of grand larceny in Indiana requires proof that the property alleged to be stolen equals in value at least One Hundred Dollars ($100.00). It is urged in that connection that there were introduced in evidence only six (6) cartons of cigarettes which had a total value of $13.75, and that the money orders, since they were in blank form and had to be de-

livered before they became effective and negotiable, were of no value.

We first take up the consideration of the cigarettes and their value. The value of $13.75 attributed to the cartons of cigarettes applied only to those actually introduced as exhibits at the trial, which were identified by a police lieutenant as those which he had marked. The cartons were part of those found in the back of the car to which the appellant had the keys. This police officer also testified there were between seventy-five and one-hundred more cartons of such cigarettes in the back of the car, which he did not mark and save for exhibits at the trial, but returned to the owner. There was direct testimony that these cigarettes were worth from $2.04 to $2.33 a carton, which brought the total figure of their value well over One Hundred Dollars ($100.00).

It is not necessary, as contended by the appellant, that to prove the value of the property alleged to have been stolen, such property must be introduced as an exhibit at the trial. In some cases such property is too large in size or weight, or for other reasons cannot be brought into a court room and made an exhibit. The testimony in this case sufficiently identified the property stolen, although not all of it was introduced in evidence at the trial as exhibits.

In Underhill's Criminal Evidence, p. 1453, §595, the law has been summarized as follows:

"It is not necessary to produce the stolen property as evidence in court, although this may be done in the discretion of the court if the articles are first identified as having been stolen."

There is thus competent evidence to show that the value of the property alleged to have been stolen exceeded One Hundred Dollars ($100.00). We therefore need give no consideration to the point raised with reference to the value of the money orders described in the charge.

We find the trial court committed no error in the matters presented on this appeal.

The judgment of the trial court is affirmed.

Bobbitt, Landis and Achor, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 183 N. E. 2d 592.