KEITON *v.* STATE OF INDIANA.

[No. 30,983. Filed April 18, 1968.]

*George R. Brawley,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, *R. Robert Yeager, Richard Bennett,* Deputies Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit in one count with the crime of theft. The cause was tried by jury which rendered a verdict finding defendant guilty as charged in the affidavit. Thereafter the court entered judgment that appellant be imprisoned in the Indiana Women's Prison for not less than one (1) year nor more than ten (10) years and be fined Two Hundred ($200.00) Dollars and costs. From this judgment stems this appeal.

The affidavit, omitting formal parts, reads as follows, to-wit:

"Before me, Wayne L. Tash Prosecuting Attorney, 17th Judicial Circuit of Indiana, personally came Mrs. Helen Klemann who, being duly sworn, upon her oath says that Moses Butch Murray, Ivory Gordon, Patricia Keiton and Alice Gibson, late of Wayne County, State of Indiana, on the 30th day of September A.D., 1964, at and in the County of Wayne and State of Indiana, did then and there unlawfully commit the crime of theft in that they knowingly, unlawfully and feloniously obtained and exerted unauthorized control over the property of one Helen Klemann and one Paul Harris Stores Incorporated, a corporation, to-wit: fourteen sweaters of the total approximate value of Two Hundred Dollars, intending to deprive the said Helen Klemann and said Paul Harris, Incorporated, a corporation, permanently of the use and benefit of said property, then and there being contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Upon arraignment appellant entered a plea of not guilty.

Trial was begun on February 1, 1966, by jury which returned its verdict herein on February 3, 1966, the same in pertinent part, together with the order book entry, reading as follows, to-wit:

"We, the jury, find defendant Patricia Keiton guilty as charged in the affidavit and should pay a fine in the sum of $200.00 (not over $5,000.00) and be imprisoned for not less than one year nor more than ten years, and be disfranchised and rendered incapable of holding any office of trust or profit for none years (not over ten years). That the true age of defendant is 28 years.

Earl Barrett
Foreman

Thereafter the jury is polled by the defendant, and each juror states that the foregoing verdict is his verdict. The Court defers pronouncing judgment until March 7, 1966, at 10:00 A.M. when the defendant shall appear in court for judgment and until then the defendant shall remain at liberty on her present bond. Also ordered that the Chief Adult Probation Officer files herein a pre-commitment investigation report by March 7, 1966."

On March 3, 1966, appellant filed a Motion for New Trial. Such motion, omitting formal parts and signature, in pertinent part reads as follows:

"The defendant in the above entitled cause moves the Court for a new trial on each of the following grounds:

1. That the verdict of the jury is not sustained by sufficient evidence.

2. That the verdict of the jury is contrary to law.

3. Errors of law occurring at the trial as follows:

a. That the Court erred in failing to instruct the jury that it should find the value of the subject property to be of a specific or approximate sum.

b. That the Court erred in failing to give to the jury a form of verdict based upon a finding of the value of the subject property to be less than $100.00.

4. That the punishment specified in the verdict imposing a $200.00 fine and costs and imprisonment of one (1) to ten (10) years is excessive.

5. The Court erred in overruling Defendant's motion, made at the close of all the evidence, to instruct the jury to return a verdict for the defendant."

Appellant's Motion for New Trial was overruled by the court on March 4, 1966.

Thereafter on March 7, 1966, pre-commitment report was filed. Defendant in person, and by counsel, being present in open court and no legal reason being shown why judgment should not be pronounced, the court found the defendant guilty of the crime charged, namely Theft, and that her age was 28 years. Judgment was thereupon rendered as follows:

"IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED by the Court that the said defendant, for the offense by her committed, do make her fine payable to the State of Indiana in the penal sum of Two Hundred ($200.00) Dollars and costs and be imprisoned in the Indiana Women's Prison, penal department, for not less than one (1) year nor more than ten (10) years."

Appellant's Assignment of Errors is the single specification:

"1. That the court erred in overruling appellant's motion for a new trial."

The evidence most favorable to the State shows that on September 30, 1964, Marie Quaglio looked in the window of the Paul Harris Store and saw three women at the men's sweater counter. She went to the back of the store and told the assistant manager, Marjorie Dillon, that she should go to the front of the store. Mrs. Quaglio then went to the store office and told the manager, Helen Klemann, that she should go to the front of the store. Mrs. Dillon observed three women cramming sweaters under their arms and in their purses. Mrs. Klemann also saw the three women at the sweater counter. Mrs. Dillon and Mrs. Klemann identified the appellant as one of the three women. As the women left the store, Mrs. Dillon and Mrs. Klemann observed sweater sleeves and tags hanging from under the women's dresses. Mrs. Dillon called the police. Mrs. Klemann followed the women out of the store until they got into a car driven by a man. After considerable effort she got the license number of the car.

Captain Walter Stout of the Richmond Police Department was dispatched to the store by radio. He obtained the description and license number of the car from Mrs. Klemann. About two and one-half minutes after Captain Stout received the radio call, he stopped a car matching the description given him by Mrs. Klemann. The appellant was in the back seat of the car. Officers Terrell LaFuze and Gene Goodwin arrived at the scene in a short time. Captain Stout and Officer LaFuze observed the appellant shove what appeared to be a sweater underneath the back of the front seat. Captain Stout also saw two or three sweaters in the back seat between the appellant and another woman. The car and its occupants were taken to the Richmond police station where Mrs. Klemann identified the occupants. Mrs. Klemann observed that the three women were carrying purses, but the purses were flat,

not full like they were when the women left the store. In Mrs. Klemann's presence, Officers LaFuze and Goodwin pulled 14 sweaters from under the front seat of the car. Price tags stamped Paul Harris Store were on several of the sweaters. The sweaters were valued at $214.80 by Mrs. Klemann.

Appellant has failed to discuss grounds 3, 4 and 5 of her motion for new trial in the argument section of her brief; therefore, said grounds are waived. Supreme Court Rule 2-17.

That leaves for consideration here grounds 1 and 2 of appellant's motion for new trial.

"1.  That the verdict of the jury is not sustained by sufficient evidence.
2.  That the verdict of the jury is contrary to law."

The appellant contends that there is not sufficient evidence to support a finding that the appellant committed the offense, or that the market value of the sweaters was of the approximate value of two hundred dollars. As a subsidiary point of that contention, the appellant contends that the sweaters, or a photograph of them, should have been introduced into evidence so the jury could examine them and determine their market value.

We think the evidence adduced at the trial on the issue of whether or not the appellant committed the crime charged in the affidavit was sufficient to enable the jury to determine therefrom that the defendant was guilty as charged.

This Court has long held that the trier of the facts is charged with the determination of the weight of the evidence and the credibility of the witnesses. This Court will only examine the record to determine if there is any evidence of probative value on each material element of the crime charged. *Swartz* v. *State* (1966), 247 Ind. 166, 214 N. E. 2d 165; *Willoughby* v. *State* (1966), 247 Ind. 210, 214 N. E. 2d 169.

This Court has also held that generally a verdict will be reversed only where there is no evidence on a material element of a crime. *Hutton* v. *State* (1965), 246 Ind. 589, 207 N. E. 2d 816; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

Under the rules stated above, there was sufficient evidence to support a finding that the appellant "knowingly, unlawfully and feloniously obtained and exerted unauthorized control" over property. There was evidence that the appellant was seen taking sweaters and leaving the store and sweaters were found in the car in which she was riding.

Helen Klemann, manager of the store from which the sweaters were allegedly taken, testified that the fourteen sweaters were the property of Paul Harris Stores. This testimony was not contradicted by the appellant.

In our opinion this testimony was sufficient to support a finding that the fourteen sweaters were the property of Paul Harris Stores. See: *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27; *Donnelly* v. *State* (1924), 194 Ind. 136, 142 N. E. 219.

On the question of the "intent" to deprive the owner "permanently of the use and benefit of said property" there was evidence presented from which the jury concluded that such was the intent of the appellant. Again we are confronted with the question of the weight of the evidence and the credibility of the witnesses. In this instance, the jury by their verdict found the appellant guilty. This finding should not be disturbed on appeal.

The affidavit herein charged appellant with grand larceny in that the value of the property taken was in excess of $100.00, to-wit: "of the total approximate value of Two Hundred Dollars". In order to sustain the conviction it was necessary for appellee to prove that the property stolen, i.e. the fourteen sweaters, was of the approximate value of two

hundred dollars as charged in the affidavit, or, at least, that they were of the value of one hundred dollars, or more.

Helen Klemann testified the value of the sweaters to be $214.80. This witness had been manager of the Paul Harris Store for about three years and was familiar with the price of the merchandise sold at the store. The appellant did not dispute her testimony or question her qualifications at the trial. The jury evidently were satisfied as to the validity of her testimony as evidenced by the verdict.

On the question of the necessity to introduce as exhibits the property alleged to have been stolen or at least a part thereof, this Court has previously held that it is not always necessary to introduce such property in evidence, and, citing Underhill's Criminal Evidence implied that is a matter within the discretion of the court. *Carver* v. *State* (1962), 243 Ind. 183, 183 N. E. 2d 592.

In the instant case we are not going to reverse the judgment on account of the failure of the State to introduce in evidence the stolen merchandise. We are of the opinion it is better to do so and that in all future cases, unless there be good reason, on account of weight, size and availability for not introducing such evidence as a part of its case in chief, as a part of the proof of the corpus delicti, the failure of the State to introduce such evidence as an exhibit or exhibits shall be sufficient reason to require the trial court, on motion of the defendant, to strike from the record all evidence relative thereto.

The judgment is affirmed.

Lewis, C. J. and Hunter and Mote, JJ. concur; Arterburn, J. concurs in result.