MELVIN SMITHHART *v.* STATE OF INDIANA.

[No. 270S29. Filed June 18, 1971.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

DeBRULER, J.—This is an appeal from a conviction in the Posey Circuit Court. Appellant was charged by affidavit with the crime of first degree burglary. Trial was had by jury and the appellant was convicted of entering a house to commit a felony, a lesser-included offense to the charge.

Appellant first alleges that the verdict of the jury is not supported by sufficient evidence. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier-of-fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The evidence most favorable to the State may be summarized as follows: James Hancock, an admitted accomplice to the crime testified that on the morning of April 25, 1969, he and the appellant and one McDaniels were drinking in a room over a tavern in Evansville. At the behest of either the appellant or McDaniels the three men went to Mount Vernon. The appellant drove the car, a white Ford Station Wagon, which

he claimed belonged to McDaniels and himself. The witness Hancock testified that he understood they were going to visit a friend of McDaniels. He further testified that they traveled a gravel road finally arriving shortly before noon at a "big old white frame home". He testified in some detail regarding the physical surroundings, gates, fence, barn, etc. Upon their arrival McDaniels broke and entered the house by ripping a screen on the rear porch. McDaniels then came to the back door and handed a T.V. set to Hancock and carried another T.V. set to the car himself. When Hancock placed the T.V. set in the car he noticed a chain saw on the floor board which he claimed must have been put there by the appellant since McDaniels had not yet left the house. The three men then left the scene with the chain saw and the two T.V. sets in the car. About a mile from the scene they had a flat tire but continued on into Mount Vernon "on the rim". They parked the car on a side street and the appellant and McDaniels went to a service station and bought a wheel and tire. When the wheel would not fit the car they "had to go get another one". After affixing the new wheel and tire they "drove around and left the jack" and returned to the tavern in Evansville. Shortly thereafter McDaniels and the appellant left, apparently with the stolen goods.

Sheriff Buchanan testified that he was called to the residence of Paul Schnieder in rural Posey County at approximately 12:30 on the day of April 25, 1969. Arriving there he found that forcible entry had been made by cutting of a screen on a porch to the home.

Paul Schnieder testified that his wife had called him on that day to inform him that their home had been broken into and thereafter he notified the Sheriff. He further testified as to the manner of breaking, by tearing a screen on the porch and that two T.V. sets and a chain saw were stolen, the value of which was approximately $375.00. The chain saw had been sitting under one of the stolen T.V. sets. He further testified

that while returning home after his wife's call he noticed, about a mile from his house, that pieces of tire were laying about the road where someone had been driving on a flat tire.

Eldon Upshaw, Mount Vernon service station owner and John Stallings, a station attendant also testified for the State. The cumulative effect of their testimony was that two men entered the station on the day in question and purchased a wheel and a tire for a Ford. They also borrowed a jack on which they left a $5.00 deposit. They returned shortly to get a different wheel since the first one did not fit. They later returned the jack and recovered their deposit.

Appellant contends that the evidence is insufficient in that it fails to show that he did in fact enter the house, such entry being a necessary element to the crime. Upon cross-examination the chief prosecuting witness, the only eye-witness, accomplice Hancock admitted that he had not seen the appellant enter or leave the house. A written statement to the contrary had been given by the accomplice-witness and this statement was admitted to evidence, perhaps improperly, but without objection. However, we need not consider here the content of that statement to dispose of this issue.

Indiana's accessory before the fact statute (I.C. 1971, 35-1-29-1, being Burns § 9-102), reads as follows:

"Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

It is clear that under this statute the appellant could be convicted as a principal if he aided or abetted the breaking and entering of the home without regard to whether he himself entered the home. We note that the trial court gave an instruction on this statute. We hold, therefore,

that the evidence and inferences support the conclusion that the appellant, acting in concert with two accomplices, did in fact aid and abet one of those accomplices in entering the victim's home for the purpose of committing a felony therein. As such the appellant was properly charged and convicted as a principal.

Appellant next alleges that the evidence was insufficient to sustain the conviction in that the State failed to introduce into evidence the property alleged to have been stolen. Under an allegation of burglary it is not necessary that the State either allege or prove the kind or value of the goods intended to be stolen. *Bays* v. *State* (1959), 240 Ind. 37, 159 N. E. 2d 393. Here however, the State did so allege that the goods stolen were two T.V. sets and a chain saw. Proof in support of this allegation came from the testimony of the accomplice-witness Hancock and from the victim who also testified as to the value of the goods. Appellant directs our attention to the case of *Keiton* v. *State* (1968), 250 Ind. 294, 235 N. E. 2d 695, wherein this Court said:

> "In the instant case we are not going to reverse the judgment on account of the failure of the State to introduce in evidence the stolen merchandise. We are of the opinion it is better to do so and that in all future cases, unless there be good reason, on account of weight, size and availability for not introducing such evidence as a part of its case in chief, as a part of the proof of the corpus delicti, the failure of the State to introduce such evidence as an exhibit or exhibits shall be sufficient reason to require the trial court, on motion of the defendant, to strike from the record all evidence relative thereto." 250 Ind. at 301.

While not passing on the wisdom of the dicta of that opinion, the *Keiton* case is easily distinguished upon its facts. In *Keiton* the defendant was accused of theft. The defendant there was seen shoplifting some sweaters which were later *recovered* from a car in which she was riding. In the case at bar, however, there is no evidence or testimony which would indicate that the stolen merchandise was ever recovered. On

the contrary, the record shows that after the three men returned to Evansville, the appellant and McDaniels had the stolen merchandise in their possession when they left the accomplice-witness Hancock.

The goods having not been recovered by the victim or the State, it was impossible for them to be introduced into evidence.

Appellant next alleges that he was denied a fair trial in that he was convicted upon the uncorroborated testimony of an accomplice. This Court has previously stated that a person may be convicted on the uncorroborated testimony of an accomplice. *Couch* v. *State* (1965), 246 Ind. 531, 207 N. E. 2d 365; *Smith* v. *State* (1961), 241 Ind. 601, 174 N. E. 2d 47.

In the case at bar, however, it cannot be said that the testimony of the accomplice-witness was entirely uncorroborated. The accomplice testified to the date, time and place of the crime and the manner of the breaking and entering and as to the nature of the goods stolen. Each of these points were fully corroborated by the victim who also offered testimony which would tend to support the accomplice's testimony regarding having a flat tire about a mile from the scene of the crime while making good their escape. The accomplice further testified as to the manner and the events surrounding the purchase of a new wheel and tire. This evidence was corroborated by the Mount Vernon service station owner and his attendant. After a careful study of the record we need not pass on the question of whether this conviction could stand on the testimony of the accomplice alone since we find sufficient evidence in the record to support testimony of the accomplice.

Judgment affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 740.