JERRY MICHAEL SHROPSHIRE *v.* STATE OF INDIANA.

[No. 671S156. Filed February 29, 1972. Rehearing denied April 12, 1972.]

*David F. McNamar, Steers, Klee, Sullivan & Lemay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant was charged by affidavit with first degree burglary, *i.e.,* breaking and entering the dwelling house of Lemon Morris with intent to commit theft, in violation of I.C. 1971, 35-13-5-5, being Burns § 10-704. In a trial without jury in the Marion County Criminal Court Division No. 2, appellant was convicted of the lesser included offense, entering to commit a felony, and sentenced to one to ten years in prison.

Appellant's first contention is that there was insufficient evidence to sustain the trial court finding. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. Viewed in that way the evidence was as follows:

Lemon Morris testified that between 5:00 and 6:00 p.m. on July 30, 1970, he returned to his home at 2044 N. Martindale in Indianapolis and found appellant with two other young men ransacking his house which had been locked earlier in the day. Morris testified that when the men fled appellant took from the house a tape recorder which belonged to Morris' grandson. Morris then called the police. He identified a tape recorder marked for identification as Exhibit 2 as the tape recorder taken from his house by appellant. He also identified a bayonet marked for identification as Exhibit 1 as the bayonet one of the men had with him in the house that day. Neither exhibit was offered in evidence.

Officer Meyer, Indianapolis Police Department, who responded to the call testified without objection that Morris told him that Morris' house had been broken into by three men, that he knew where they were, and that they still had the tape recorder in their possession. Meyer took Morris to a park two and one-half blocks away and Morris pointed out three men sitting on a park bench as the three who broke into his house. Meyer found appellant in possession of the tape recorder marked as Exhibit 2, and one of the others in possession of the bayonet, Exhibit 1. Appellant testified that he did not have any tape recorder in his possession when arrested but he did have the bayonet.

Appellant's first argument is that there was insufficient evidence to sustain the trial court finding because the appellee failed to offer in evidence Exhibits 1 and 2. Appellant relies on *Keiton* v. *State* (1968), 250 Ind. 294, 235 N. E. 2d 695, where this Court said:

> "On the question of the necessity to introduce as exhibits the property alleged to have been stolen or at least a part thereof, this Court has previously held that it is not always necessary to introduce such property in evidence, and citing Underhill's Criminal Evidence implied that is a matter within the discretion of the court. *Carver* v. *State* (1962), 243 Ind. 183, 183 N. E. 2d 592.

"In the instant case we are not going to reverse the judgment on account of the failure of the State to introduce in evidence the stolen merchandise. We are of the opinion it is better to do so and that in all future cases, unless there be good reason, on account of weight, size and availability for not introducing such evidence as a part of its case in chief, *as a part of the proof of the corpus delicti, the failure of the State to introduce such evidence as an exhibit or exhibits shall be sufficient reason to require the trial court, on motion of the defendant, to strike from the record all evidence relative thereto.*" (Emphasis added.) 250 Ind. at 301.

Since appellant did not make such a motion to strike in the trial court the *Keiton* decision does not apply in his case.

We think the evidence that was introduced is more than ample to sustain the trial court finding of guilty of entering with the intent to commit a felony. Morris testified that appellant was one of three men ransacking Morris' previously locked house, that the three ran away when Morris returned, that appellant had Morris' grandson's tape recorder when he fled the house. Minutes later appellant was found with the tape recorder.

Appellant's second argument is that the evidence was insufficient because there was no proof of value of the items stolen. Appellant was being tried for burglary and the appellee did not have to plead or prove the kind or value of the property intended to be stolen. *Smithhart* v. *State* (1971), 256 Ind. 533, 270 N. E. 2d 740. No actual theft need have occurred at all for one to be guilty of burglary or entering to commit a felony. *Farley* v. *State* (1890), 127 Ind. 419, 26 N. E. 898. Appellant relies on *Burrows* v. *State* (1894), 137 Ind. 474, 37 N. E. 271, where the Court said:

"It has long been an established rule of the Courts that without proof of the value of stolen property, there can be no conviction for larceny." 137 Ind. at 475.

However, the Court went on to say:

"It is essential to prove the value of the property alleged to have been stolen, in order to determine the grade of the offense and the penalty to be imposed." 137 Ind. at 475.

That case involved larceny of a check and the Court was dealing with the distinction between grand and petit larceny which distinction rested on the value of the property stolen. ■ That issue has no relevance whatsoever to a burglary case such as the one before us on appeal, where the element to be established is not that goods of a certain value were stolen, but rather, that appellant entered with the intent to commit a felony namely, theft.

Appellant's third argument is set out in appellant's brief as follows:

"The Trial Court Erred as a Matter of Law when it failed to allow the Defendant to Submit as part of the record evidence in the case at bar the prior statements made by the witness Lemon Morris in the Municipal Court of Marion County at the probable cause hearing for purposes of impeachment of said witness' testimony."

Appellant did not submit any evidence whatsoever as part of the record concerning the witness' prior statements. At the close of the appellant's evidence, appellant's attorney said:

"MR. WILSON: The defense closes, Your Honor, but one thing that I want done—I believe that this witness over here, this principle witness for the state, testified to facts in Municipal Court which are contrary to his testimony today, and I think we should get that record before the case is closed and see what he did testify.

COURT: What should I do with that nice policeman who caught him with the tape recorder in his lap?

\* \* \*

COURT: You think he was blind or something? You think he made it up? I don't think so."

During cross examination of appellee's witness, Mr. Morris, appellant asked Morris if he had previously been unable to identify appellant in Municipal Court and Morris denied that several times. If appellant had had evidence that Morris had so failed it would have been inconsistent with Morris' testimony at trial and would properly have been admissible as impeaching evidence. *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873. More importantly it might have had a bear-

ing on the legality of the pre-trial identification procedures discussed in *U. S.* v. *Wade* (1967), 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149; *Gilbert* v. *California* (1967), 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178. But appellant did not have in his possession any such evidence. Neither can appellant's statement be viewed as a motion for discovery of such prior statements because they were admittedly not in the possession of the appellee. *Antrobus* v. *State, supra.* Appellant's statement could be viewed as an inept request for a continuance to permit appellant to obtain the transcript of the witness' testimony in Municipal Court. Indiana Code 1971, 35-1-26-1, being Burns § 9-1401 provides:

> "A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. . . ."

Appellant's motion did not comply with this statute in that it was not under oath and there was no representation that due diligence had been exercised. Since appellant's motion was on statutory grounds and did not comply with the statute the trial court did not commit error in denying the appellant's motion. *Finton* v. *State* (1963), 244 Ind. 396, 193 N. E. 2d 132; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Blume* v. *State* (1963), 244 Ind. 121, 189 N. E. 2d 568.

Judgment affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 219.