## BOBBY RAY SUTTON V. STATE OF INDIANA.

[No. 970S202. Filed March 13, 1972.]

*William C. Whitman*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *William F. Thompson*, Assistant Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction for theft in a trial without jury in the St. Joseph Superior Court. Appellant was sentenced to one to ten years in prison.

Appellant's sole contention is that there was insufficient evidence to sustain the trial court finding of guilty. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that view-

point there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The affidavit read as follows:

> "That on or about the 5th day of December, 1969, at and in the County of St. Joseph, State of Indiana, one BOBBY RAY SUTTON did then and there, commit the crime of theft in that he did then and there knowingly, unlawfully and feloniously, without consent of the owner, obtain and exert unauthorized control over the following property, to-wit: one (1) Olympia Typewriter, Serial No. 72188364, valued at approximately Two Hundred Sixty ($260.00) Dollars owned by the MISHAWAKA METAL STAMPING and did then and thereby intend to deprive said owner permanently of the use and benefit of said property, contrary to the form of Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Under this affidavit appellee had the burden of proving beyond a reasonable doubt that appellant: (1) Knowingly, (2) obtained or exerted control over the named typewriter, (3) without authorization of the Mishawaka Metal Stamping, (4) with intent to deprive the owner permanently of the use or benefit of the property. The evidence supporting the trial court finding is as follows:

James Smith testified that he was President of Mishawaka Metal Stamping Corporation in South Bend. On December 5, 1969, he closed the plant sometime between 5:15 p.m. and 6:00 p.m. The following morning at 8:00 it was discovered the plant had been broken into and a new typewriter and adding machine had been stolen since the plant had been closed. The typewriter was worth $260.00 new.

Winifred Bays testified that he was the manager of the Rose Bowling Lanes in South Bend. At approximately 9:00 p.m. on December 5, 1969, the appellant offered to sell Bays a typewriter. The two men got in Bays' car and drove one block to a car parked beside Butch's Tavern. Appellant took

the typewriter out of the car and showed it to Bays who loaned appellant $20.00 on it until appellant could pay it back. Appellant put the typewriter in Bays' car. There was also an adding machine in the car and although Bays did not give any money for it, he permitted appellant to place it in Bays' car temporarily. The typewriter was the one stolen from the stamping plant and it was recovered from Bays the morning of December 6, 1969.

Appellant's wife testified that after supper on December 5, 1969, between 6 and 7 p.m., she and appellant walked from their home downtown to Butch's Tavern in South Bend. Appellant played pool for awhile and after about an hour they left Butch's and walked to the Tropicana Bar one block away. Mrs. Sutton had been with appellant all the time since they left their home. Mrs. Sutton was not with appellant all the time at the Tropicana and she soon left with a girlfriend to go to a different bar close by. She was only with appellant sporadically the rest of the evening.

Appellant testified that on the evening of December 5, 1969, he won some money playing pool from a stranger whose name he did not know in the Tropicana Bar in South Bend. The man did not have enough money to satisfy the debt but he said he had a typewriter and adding machine he would sell. Appellant testified he offered to help the man by seeing if Bays would take them. Appellant admitted he gave the typewriter to Bays for around $23.00, five of which appellant kept himself giving the remainder to the stranger in the bar. The man told appellant where the unlocked car was parked and described it so appellant and Bays could find the machine.

Indiana Code 1971, 35-17-5-13, being Burns § 10-3040(10), reads:

"(10) 'Obtains or exerts control over property' includes but is not limited to the taking, carrying, driving or leading away, concealment, or the sale, conveyance, encumbrance, transfer of title to or interest in, or possession of property, or the securing or extending a right to retain that to which another is entitled."

In light of this definition we think the above evidence shows that appellant exerted and obtained control over the typewriter without the authorization of the owner, Mishawaka Metal Stamping. Even if appellant's story at trial were accepted as true, it is clear that appellant had the typewriter in his possession when he sold it to Bays. In *Williams* v. *State* (1969), 253 Ind. 316, 253 N. E. 2d 242, this Court in discussing the words "control" and "possession," said:

> "Our conclusion based on a meticulous examination of the meanings of these two words is this: that to prove control over a chattel or over other property, one does not need in all cases to show conduct which amounts to possession. Although control is a necessary element in proving possession, the converse is not true. Our analysis is supported by the wording of the statute [§ 10-3040, supra] which states that the definition of 'exert control over property' includes *but is not limited to possession.*" (Original emphasis.) 253 N. E. 2d at 246.

The next question is whether there was sufficient evidence to show appellant intended to deprive the owner permanently of the use and benefit of the typewriter. Burns § 10-3040 (13) reads in part:

> "(13) 'Permanently deprive' means to:
>
> * * *
>
> "(d) sell, give, pledge, loan, encumber, or otherwise transfer any interest in the property or subject it to the claim of a person other than the owner."

At trial appellant testified that he intended to sell the typewriter to Bays for $23.00 and this clearly falls within the above statute.

The question then remains of whether appellant *knew* at the time he exerted the control that he had no authorization from the owner to do so. Burns § 10-3040 (8), reads:

> "(8) 'Knowingly' means that a person knows, or acts knowingly or with knowledge, of: (a) the nature or attendant circumstances of his conduct, described by the

section defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists. (b) The result of his conduct, described by the section defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct."

We think the evidence is sufficient to support an inference that appellant had an awareness of the substantial probability that the man who gave him possession of the typewriter could not give a valid authorization to exert control over the typewriter. The man was a stranger in a tavern who at 9:00 on a Friday night offered to sell a virtually brand new typewriter worth $260.00 for about $20.00. The man did not accompany appellant to show off his wares but merely directed appellant to a car parked next to a tavern.

We hold the evidence was sufficient to sustain the trial court finding that appellant knowingly obtained and exerted unauthorized control over the typewriter belonging to Mishawaka Metal Stamping.

Judgment affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 802.