WILLIE ALEXANDER v. STATE OF INDIANA.

[No. 3-173A2. Filed December 18, 1973. Rehearing denied February 12, 1974.]

*Paul J. Giorgi,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—This is an appeal by defendant-appellant Willie Alexander (Alexander) from a conviction of theft from the person.

On February 26, 1970, an affidavit was filed charging Alexander with the crimes of robbery and armed felony. Such affidavit was amended on May 18, 1970, to charge Alexander solely with the crime of robbery. Defendant pleaded not guilty and demanded a jury trial, which resulted in a verdict of guilty of the lesser included offense of theft from a person. Alexander was sentenced to not less than one nor more than ten years to the Indiana State Prison. Appellant timely filed a motion to correct errors which was overruled, and this court subsequently granted his petition to file a belated appeal.

The facts from the record before us most favorable to the State are as follows:

On February 25, 1970, an individual entered a Gulf Service Station in Gary, Indiana, at approximately four o'clock in the morning to buy a package of cigarettes. When William White (White), the attendant, turned to hand the cigarettes to the customer, Alexander drew a gun and stated that it was a "stickup." White's pockets were emptied and two dollars and a little change were taken, together with a small gun carried by White. While the robbery was in progress, a Gary City Police squad car pulled into the service station. The robber fled when he saw the police car but the two policemen gave chase; one officer, never losing sight of the robber, was finally able to apprehend Alexander. He was frisked and was found to be carrying a .22 caliber revolver belonging to White and two dollars and some change in his pocket. The police returned him to the service station immediately, whereupon White positively identified him as the robber. Alexander was then arrested for the robbery.

The sole issue presented for review by this appeal is whether the verdict of the jury is sustained by sufficient evidence. Where the sufficiency of the evidence is an issue on appeal from a criminal conviction, only the evidence most favorable to the State, and the reasonable inferences therefrom, may be considered. Upon consideration

of such evidence and inferences, if there is substantial evidence of probative value establishing each element of an offense beyond a reasonable doubt, the verdict will not be disturbed. However, the court will not weigh the evidence nor determine the credibility of the witnesses. *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790, 801; *Shelton* v. *State* (1972), 259 Ind. 559, 290 N.E.2d 47, 50; *Jackson* v. *State* (1971), 257 Ind. 477, 275 N.E.2d 538, 539.

Alexander was convicted of theft from the person pursuant to IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Cum. Supp. 1973), which states, in pertinent part:

"A person commits theft when he (1) knowingly:

(a) obtains or exerts unauthorized control over property of the owner; * * * and (2) *

(a) intends to deprive the owner of the use or benefit of the property; * * *."

Under this statute, the State has the burden of proving beyond a reasonable doubt that Alexander (1) knowingly, (2) obtained or exerted control over the money and handgun allegedly taken, (3) without authorization from the Gulf Oil Company or White, (4) with an intent to deprive permanently the owner or person in possession of such property from the use or benefit thereof. *Sutton* v. *State* (1972), 258 Ind. 175, 279 N.E.2d 802, 803.

Pursuant to his contention that there is insufficient evidence to sustain his conviction, Alexander asserts that the second, third and fourth elements stated above were not proven by the State. He also attacks the positive identification made by White as being unreliable due to the short duration of the confrontation between the robber and White.

Concerning the second element stated above, obtaining or exerting control over the money and handgun allegedly taken, Alexander contends that because the State failed to introduce the items taken into evidence at trial, the *corpus delicti* of the theft offense was never proven. He relies on *Keiton* v. *State*

(1968), 250 Ind. 294, at 301, 235 N.E.2d 695, at 698-99, in which our Supreme Court stated:

> "We are of the opinion * * * that in all future cases, unless there be good reason, on account of weight, size and availability for not introducing such evidence as a part of its case in chief, as a part of the proof of the corpus delicti, *the failure of the State to introduce such evidence as an exhibit or exhibits shall be sufficient reason to require the trial court, on motion of the defendant, to strike from the record all evidence relative thereto.*" (Emphasis supplied.)

Our Supreme Court subsequently held in *Shropshire* v. *State* (1972), 258 Ind. 70, 279 N.E.2d 219, at 221, that the *Keiton* decision is applicable *only* where the defendant makes a motion to strike in the trial court. His failure to so move waives his right to contest the issue of the State's failure to prove the *corpus delicti* on appeal. Therefore, although the State erred by failing to introduce into evidence either the money or gun over which Alexander was accused of obtaining or exerting unauthorized control, the record reveals that no motion to strike from the record all evidence relative thereto was made by him at trial. As a result, he has waived his right to raise this error on appeal.

Concerning the third and fourth elements of the crime, lack of authorization from the Gulf Oil Company or White, and intent to deprive the owner or person in possession of such property from the use or benefit thereof, Alexander contends that the evidence at trial failed to prove ownership of the money or handgun. In support of this, he refers to the following testimony for the State given by White, the service station attendant, on direct examination:

> "Q. Whose money was that that he removed from you?
> "A. It belonged to the Company.
> "Q. When you refer to the company, how do you mean that? The people that you work for?
> "A. The people that I work for.
> "Q. The Gulf Oil Company?
> "A. No."

Alexander contends that the foregoing record shows that the State failed to prove ownership of the property.

IC 1971, 35-17-5-13, Ind. Ann. Stat. § 10-3040 (Burns Cum. Supp. 1973), under which Alexander was convicted, defines "owner" as follows:

" 'Owner' means a person, other than the actor, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property."

White specifically testified that the property was in his pockets at the time of the robbery—thereby making him the rightful possessor of such property. The following testimony of White, upon direct examination, clearly proved that he was in possession of the money and handgun which Alexander took from him during the robbery:

"Q. And then what did he do, once you had turned around from him?
"A. He went through my pockets.
"Q. What, if anything, did he take from your pockets?
"A. I had a customer, and I had $2 and a little change. I also had a small gun.
"Q. You had a gun yourself?
"A. I did.
"Q. What happened to that gun?
"A. That was taken also.
"Q. By whom?
"A. By him.
"Q. By the Defendant?
"A. Yes, sir.
"Q. Once he took the money from you and your gun, what did he do with it?
"A. He placed it in his pocket."

And, further, upon cross-examination:

"Q. Did he or you . . . strike that. You indicated to the Prosecutor that he ordered you to turn around, is that right?
"A. Yes.
"Q. Did you turn around?
"A. I did.
"Q. And then what did he do then?

"A. He searched my pockets.

"Q. When you say he searched your pockets, you mean he went through your pockets?

"A. I leaned against the back and he went through my pockets.

"Q. Did he take anything from your pockets?

"A. The change and the gun I had.

"Q. What kind of change did you have?

"A. I had two dollars ($2).

"Q. Was that in currency?

"A. That was in currency, and further, I had a dime or two and I said $2 was in currency and maybe a dime or two, because it wasn't too long when I came from the customer, so I dropped it in my pocket.

"Q. That is all you had on your person?

"A. That's all I had in my pockets.

"Q. Where was it on your person?

"A. The back pocket."

The cumulative effect of the testimony presented to the trial court clearly shows that White was in lawful possession of the property, which has repeatedly been held sufficient to establish the ownership requirement of the crime of theft. *Gregory* v. *State* (1973), 259 Ind. 652, 291 N.E.2d 67. See also: *Gunder, et al.* v. *State* (1968), 250 Ind. 689, 238 N.E.2d 655; *King* v. *State* (1973), 155 Ind. App. 361, 292 N.E.2d 843, 35 Ind. Dec. 339.

Alexander's final contention is that the positive identification made by White on the night of the robbery, and testified to at trial, was unreliable. Appellant contends that the robber and White confronted each other for no longer than two minutes during the robbery, which provided an inadequate length of time for White to give a positive identification of Alexander.

The positive identification by a victim of a robbery is within the province of the trier of fact to weigh, both as to identification by, and credibility of, the victim. *Hash* v. *State* (1973), 259 Ind. 683, 291 N.E.2d 367, 369. Positive identification together with the State's proof of all the essential elements of the crime of theft from the person

has repeatedly been deemed sufficient evidence to sustain a conviction for this crime. *Hash* v. *State, supra; Bryant* v. *State* (1972), 257 Ind. 679, 278 N.E.2d 576; *Bryant* v. *State* (1973), 157 Ind. App. 198, 299 N.E.2d 200, 37 Ind. Dec. 662.

The jury, as trier of fact, was free to weigh the credibility of White's positive identification, and to consider the short period of time during which White and Alexander confronted each other, and give that testimony whatever weight it deemed appropriate. Since appellant has failed to show any reversible or prejudicial error committed by State's introducing this positive identification into evidence, and since the evidence most favorable to the State and the reasonable inferences therefrom is sufficient to establish Alexander's guilt, the jury's determination must not be disturbed.

There being sufficient evidence of probative value on those facts essential to support the verdict, the judgment of the trial court thereon is affirmed.

Robertson, P.J., concurs; Staton, J., concurs in result.

NOTE.—Reported at 304 N.E.2d 329.