CHARLES T. LUCKETT v. STATE OF INDIANA.

[No. 2-874A201. Filed December 26, 1974.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Luckett) is appealing his conviction of theft. He raises, as the sole contention of error, the failure of the trial court to grant his motion for judgment on the evidence in light of the State's failure to introduce the stolen property.

The facts most favorable to the State are:

Jack Quinlin left work at the Indiana Bell Telephone Company early in the morning on November 21, 1973. He entered Nick's Bar and cashed his pay check of $106.78. While there, he met Luckett and offered to drive him home when he learned that Luckett's car would not start. Quinlin had not previously met Luckett. While proceeding in the vehicle, Luckett told Quinlin that he had a gun and demanded his money. Quinlin had placed $106.00 of his pay check in an envelope. Luckett took that, as well as some other money. Soon thereafter, the vehicle was stopped by police for a traffic violation and Quinlin jumped from the car, reporting that he had been threatened with a gun and his money stolen. Quinlin told the officer the amount of money that Luckett had taken from him, giving the officer the denominations of the various bills that made up the amount. The officer ordered Luckett to place his hands on top of the car and searched him, finding the money, including the envelope containing $106.00, exactly as it had been described by Quinlin. Luckett was then placed under arrest.

During the trial the State did not introduce the actual stolen currency. Luckett contends that the failure to do so, without explanation, requires reversal.

In support of this argument he relies solely upon the following language from *Keiton* v. *State* (1968), 250 Ind. 294, 235 N.E.2d 695:

> "[I]n future cases, unless there be good reason on account of weight, size, or availability for not introducing such evidence as a part of its cause in chief, as a part of the proof of the corpus delicti, the failure of the State to introduce such evidence as an exhibit or exhibits shall be sufficient reason to require the trial court, *on motion of the defendant to strike from the record all evidence relative thereto.*" (Emphasis added). 235 N.E.2d at 699.

However, that language makes it clear that the only remedy to a defendant for the failure of the state to introduce the stolen property into evidence is a motion to strike from the record all evidence that was introduced relating to that property. Moreover, the defendant must make that motion during the course of the trial or he waives the right to raise that issue on appeal. *Shropshire* v. *State* (1972), 258 Ind. 70, 279 N.E.2d 219; *Alexander* v. *State* (1973), 158 Ind. App. 698, 304 N.E. 2d 329.

At no time did Luckett move to strike from the record any evidence relating to the stolen money, therefore, no issue is raised.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 319 N.E.2d 882.