CLIFFORD MULLINIX *v.* STATE OF INDIANA.

[No. 1-575A86. Filed February 23, 1976.]

*Jack Quirk,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant Mullinix raises three issues in appealing his conviction by a jury of first degree burglary. The issues are whether there was sufficient evidence on the essential element of "breaking"; did the trial court err in not treating Mullinix as a criminal sexual deviant; and whether testimony about the use of a gun should have been stricken when the State failed to introduce that gun in evidence.

We find no reversible error.

A review of the facts favorable to the State shows that between 2:30 and 3:00 A.M. Steve Hart was awakened by a knock at the door of his apartment. Not recognizing nor able to hear Mullinix through the closed door, Hart opened it. Mullinix produced a gun and prevented the closing of the door by blocking it with his foot. Hart called for assistance from his roommate while resisting Mullinix's entry. Mullinix gained entry before Hart's roommate could assist, and he then required the two men to lie on the floor at gun point. At this point a third man in the apartment was discovered and was required to join the other two on the floor. Mullinix kicked Hart in the chest several times and inserted the pistol

in Hart's mouth. The gun was removed and fired. Hart and his companions then subdued Mullinix and called the police.

Mullinix first argues that the evidence was not sufficient to show an essential element of first degree burglary in that Hart's voluntary opening of the door did not constitute "breaking". The slightest use of force to push aside a door does constitute "breaking". *Cockerman* v. *State* (1965), 246 Ind. 303, 204 N.E.2d 654. There is no doubt from the record that the trier of fact heard evidence that Mullinix met and overcame resistance to his entry by pushing the door open. The evidence was ample on this issue.

Mullinix next argues that the trial court erred in overruling his motion to be examined as a criminal sexual deviant. Mullinix attempts to justify the motion because he had been previously charged in a non-related incident with two counts of assault and battery to commit sodomy (these charges were dismissed) and because there were homosexual overtones to inserting the gun into Hart's mouth. There was no testimony at the trial regarding the sexual aspects of the gun insertion episode.

The Criminal Sexual Deviancy Act (IC 1971, 35-11-3.1 *et seq.*) states that a person may be so examined after conviction of a sexual offense. The record is barren of a sex offense in this case which obviously puts Mullinix beyond the scope of the Criminal Sexual Deviancy Act. There is no authority cited to justify the use of dismissed charges or sexual innuendo in a non-sexual case as a basis for criminal sexual deviant examination.

Mullinix's final assignment of error is that all of the testimony at the trial regarding the gun should be stricken because the State failed to introduce it into evidence even though it was in the State's possession and control. Mullinix's analogous authority is *Keiton* v. *State* (1968), 250 Ind. 294, 235 N.E.2d 695, which stands

for the proposition that in a prosecution for grand larceny the stolen merchandise should be introduced in evidence by the State if it is in the State's possession and control. We believe Mullinix's reliance on *Keiton, supra,* is misplaced in light of *McCurdy* v. *State* (1975), 263 Ind. 66, 324 N.E.2d 489, which specifically holds that the existence of a weapon may be proven by circumstantial evidence.

Other reasons exist for the holding that no error exists on this issue. First, three witnesses testified about the gun before any objection was made. Timely objections are required to preserve error. *See generally: Burke* v. *State* (1968), 250 Ind. 568, 238 N.E.2d 1. Second, because of the lack of objection, the evidence about the gun was cumulative only. No reversal will result from the erroneous admission of evidence when evidence of the same probative effect is admitted without objection. *Jenkins* v. *State* (1975), 263 Ind. 589, 335 N.E.2d 215.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 342 N.E.2d 677.