## JIMMY LEE RILEY v. STATE OF INDIANA.

[No. 1175S324.  Filed June 30, 1976.]

*John O. Moss*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *James N. Shumacker*, Deputy Attorney General, for appellee.

HUNTER, J.—Appellant Jimmy Lee Riley was charged by information with commission of a felony (robbery) while armed. On his plea of not guilty, he was tried by the court, found guilty and sentenced to imprisonment for fifteen years. This appeal results from the overruling of appellant's motion to correct errors.

## I.

Appellant's first assignment of error is that the trial court erred in overruling his motion to strike all testimony relating to the taking of money from Bar-B-Q Heaven, Inc. for the reason that while such money was recovered by the police, it was not introduced into evidence as required by *Keiton* v. *State*, (1968) 250 Ind. 294, 235 N.E.2d 695. In *Keiton* the following statement appears:

> "On the question of the necessity to introduce as exhibits the property alleged to have been stolen or at least a part thereof, this Court has previously held that it is not always necessary to introduce such property in evidence, and, citing Underhill's Criminal Evidence implied that is a matter within the discretion of the court. *Carver* v. *State* (1962), 243 Ind. 183, 183 N.E.2d 592.

> "In the instant case we are not going to reverse the judgment on account of the failure of the State to introduce in evidence the stolen merchandise. We are of the opinion it is better to do so and that in all future cases, unless there be good reason, on account of weight, size and availability for not introducing such evidence as a part of its case in chief, as a part of the proof of the corpus delicti, the failure of the State to introduce such evidence as an exhibit or exhibits shall be sufficient reason to require the trial court, on motion of the defendant, to strike from the record all evidence relative thereto." 250 Ind. 294, 301, 235 N.E.2d 695.

The dictum in *Keiton* has been before this Court twice, and has been found inapplicable both times. In *Smithhart* v. *State,* (1971) 256 Ind. 533, 270 N.E.2d 740, *Keiton* was held to be inapplicable where the stolen items were not recovered and in *Shropshire* v. *State,* (1972) 258 Ind. 70, 279 N.E.2d 219, *Keiton* was held to be inapplicable where the item stolen was recovered but the defendant failed to make a motion to strike. The *Shropshire* rule has been applied twice by the Court of Appeals to claims of error under *Keiton. Alexander* v. *State,* (1973) 158 Ind. App. 698, 304 N.E.2d 329; *Luckett* v. *State,* (1974) 162 Ind. App. 603, 319 N.E.2d 882.

The dictum in *Keiton* requires introduction of the stolen item "as a part of the proof of the corpus delicti." In *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229, we expressly overruled *Keiton* to the extent it imposed such a requirement and held that failure to introduce physical evidence would not subject testimony relating thereto to a motion to strike. As Judge Arterburn explained in *Jones* v. *State,* (1969) 253 Ind. 235, 252 N.E.2d 572, the corpus delicti rule is a cautionary rule imposed to prevent a finding of guilt based solely upon an out-of-court statement by the defendant. When applicable, the corpus delicti rule requires evidence that a specific loss or injury has occurred and that the occurrence was brought about by the criminal agency of someone. Hence, every crime may be said to have a "corpus delicti" which will necessarily be demonstrated in proving the elements of the crime. On a plea of not guilty, however, there is no requirement that the corpus delicti be established independent of the proof of the crime, when the prosecution does not intend to rely upon an extrajudicial statement of the accused.

Neither Keiton nor appellant made any extrajudicial statements. Hence, the corpus delicti rule was inapplicable. *Keiton's* reference to corpus delicti in the looser sense obfuscates the question presented in that appeal: sufficiency of the evidence. To the extent *Keiton* suggests that one method of proving a fact may be preferable to another, we agree. We do not agree,

however, that a conviction for robbery will be based upon insufficient evidence whenever there is testimony as to the amount of money taken, but the money itself is not introduced in evidence. On the basis of *Pulliam v. State, supra,* the trial court did not err in overruling appellant's motion to strike.

## II.

Specifications one, four and five of appellant's motion to correct errors raise questions as to the sufficiency of the evidence to sustain his conviction. We consolidate these issues as provided for by Ind. R. Ap. P. 8.3(A)(7). The owner of Bar-B-Q Heaven testified that he examined the cash register tape after the robbery and ascertained that thirty-one dollars and ninety cents were missing. He further testified that no sales had been made between the robbery and the time of his examination. An employee, Naomi Berry, testified that appellant came in with a shotgun and said, "Open the register and give me all the money." She further stated that she was scared and put all the money in a bag and gave it to him. Although two other employees were unable to identify appellant as the robber, Ms. Berry testified that she had observed appellant for two or three minutes and that she had no doubt that he was the one. There was sufficient evidence to sustain appellant's conviction.

## III.

Appellant's final issue, not presented in his motion to correct errors and, therefore, waivable under Ind. R. Ap. P. 8.3(A)(7), is that the state did not comply with a portion of a discovery order requiring the state to "furnish to the defendant and his attorney any information or evidence tending to be favorable to the defendant . . . ." Appellant maintains that the state breached the order by failing to call two witnesses to the robbery who were admittedly unable to positively identify appellant as the robber. The names of these witnesses were endorsed on the information and were, therefore, known to the de-

fendant. There is nothing in the record which suggests that these witnesses were unavailable to the appellant. His failure to call them as his own witnesses does not thereby become reversible error attributable to the state. *Gatchett* v. *State,* (1973) 261 Ind. 109, 300 N.E.2d 665.

For all the foregoing reasons, the judgment of the trial court is affirmed.

Given, C.J., Arterburn, DeBruler, and Prentice, JJ., concur.

NOTE.—Reported at 349 N.E.2d 704.