James Ray **AYERS**, Ray Whitt,
Appellants (Defendants below),

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 379S63.

Supreme Court of Indiana.

Feb. 19, 1980.

Grant W. Hawkins, Samper, Hawkins & Atz, Indianapolis, for appellants.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendants, James Ray Ayers and Ray Whitt, were convicted by a jury of kidnapping, Ind. Code § 35–1–55–1 (Burns 1975) and commission of a felony while armed, to wit: robbery, Ind. Code § 35–12–1–1 (Burns 1975). They were given identical sentences of life imprisonment on count I and two–ten years on count II. They now raise the following two issues in this direct appeal:

1. Whether the trial court committed reversible error when it failed to grant a mistrial after an allegedly improper and prejudicial statement by one of the state's witnesses; and

2. Whether there was sufficient evidence to sustain the convictions.

A summary of the facts from the record most favorable to the state shows that Robert Kemerly was working as a night clerk in a motel in Indianapolis, Indiana, on the night of January 4, 1974. Two men came into the motel office around 10:00 p. m. and one of them filled out the motel registration card. Kemerly identified defendant Ayers as the man who filled out the registration card and defendant Whitt as the second man. It was the motel's policy to have their employee verify the license plate number which was recorded on the registration card and Kemerly later went outside and verified the license number and make of car defendant Ayers had put down on the registration card. He testified that the car was a green Rambler with a Virginia license plate.

Later that night at approximately midnight, Kemerly was shoveling snow outside the office when he was approached by defendant Whitt who requested some aspirins or antacid tablets. Kemerly unlocked the office and went in behind the desk to get the tablets. When he turned around he saw that defendant Ayers had entered the office along with Whitt and was pointing a gun at him. Ayers told Kemerly he was going to take the money and to do as he was instructed. Whitt took the gun and ordered Kemerly out of the office and told him to get into the front seat of the car and to keep his head down. Whitt got into the driver's seat, continuing to point the gun at Kemerly. Ayers then came out to the car carrying a small bundle or sack and got in. They drove around at random for about one-half hour before they let Kemerly out of the car at the intersection of Audubon and Greenfield Streets. Kemerly walked several blocks to a telephone and called the motel owner who came and picked him up. The owner testified that after checking the office records and receipts, he discovered that money and business records from the night of January 4, 1974, were missing.

I.

Defendant first alleges that the trial court erred when it failed to grant a mistrial after a statement by one of the state's witnesses. Prior to trial, defendants made an oral motion in limine to prevent the state from tendering certain evidence pertaining to events occurring in Florida which they considered prejudicial and irrelevant. The trial court denied the motion but indicated he would rule on objections as they arose.

About ten days after the robbery, defendants were apprehended in Florida. Police Officer Donnelly, of the Winterhaven, Florida, police department, testified that he observed one of the defendants driving a car with dealer plates on it. He went to the car lot which had issued the temporary plates and observed a green Rambler with Virginia plates. Pictures were taken of the car as it appeared on the lot and were later admitted into evidence at the trial. The car was identified by the night clerk and motel owner as resembling the car used by defendants on the night of the robbery. The license plate number was the same as that registered by defendant Ayers in the motel records. Officer Donnelly had questioned

the car lot owner as to the identity of the person to whom he sold the car. Defendants wanted to prevent any mention of this conversation with the car lot owner as well as any testimony about what Donnelly may have observed while in the car lot unless his observations could be connected to defendants.

During direct examination Officer Donnelly was asked what he observed at the used car lot and he voluntarily stated that he had contacted the car lot owner and asked about the identity of the person driving the car with the temporary plates. Defendants' objection at this point was sustained and Donnelly then testified about observing the green Rambler in the car lot. The pictures of the car were admitted into evidence.

The state next sought to introduce a certified copy of the Virginia registration for the green Rambler which showed that Ayers had purchased the Rambler the month before the robbery took place. Defendants moved for a mistrial at this point on the basis that the mention of the conversation with the car lot owner followed with the description of the green Rambler which was on the car lot was prejudicial and an evidentiary harpoon. They also objected to the introduction of the registration certificate claiming it was improperly authenticated and therefore inadmissible hearsay. The motion and objection were both overruled.

■ We find that it is clear from the record that there was no error in the admission of the registration certificate. It was properly certified and attested to by the commissioner of the Division of Motor Vehicles of Virginia. This is all that was necessary for it to be admitted as a properly certified copy of a public record pursuant to Trial Rule 44(A). *Boone v. State*, (1978), 267 Ind. 493, 371 N.E.2d 708. The code section requiring further attestation referred to by defendant, Ind. Code § 34–1–18–10 (Burns 1973), applies to affidavits taken in another state and not to public records.

■ We cannot agree that the mention of a conversation with the car lot owner was an "evidentiary harpoon." This Court has defined an "evidentiary harpoon" as follows:

"[W]here the prosecution through its witnesses successfully places evidence before the jury which is improper, such as previous arrests and convictions of the defendant, in situations where such evidence would not be admissible. See *White v. State* (1971), [257] Ind. [64,] 272 N.E.2d 312, 26 Ind. Dec. 568. However, in examining this kind of evidence the court must refer to all of the evidence in the case to determine whether or not the testimony actually was 'a harpoon.'" *Grimes v. State*, (1972) 258 Ind. 257, 262, 280 N.E.2d 575, 578.

In this case, there was no "harpoon" since no part of the conversation was given and the witness only testified as to what he actually observed on the car lot. Even the mention of the conversation was not part of a deliberate attempt by the prosecution to bring this evidence to the attention of the jury but was a voluntary non-responsive statement by the witness.

■ Furthermore, Officer Donnelly's testimony about observing a green Rambler on the car lot was relevant. We have often held that all evidence is relevant which tends to throw any light on the guilt or innocence of the defendant. *Hill v. State*, (1978) 267 Ind. 480, 371 N.E.2d 1303. The green Rambler which Officer Donnelly observed had license plates which exactly matched that of the car used in the robbery. The absence of a direct link of the car to the defendants when apprehended goes only to the weight and not the admissibility of the evidence. *Swininger v. State*, (1976) 265 Ind. 136, 352 N.E.2d 473.

## II.

■ Defendants allege there was insufficient evidence showing intent to kidnap, or the taking of any property from the person or possession of Kemerly, or the use of a weapon. We are constrained to restate that in determining the sufficiency of the

evidence this Court will not weigh the evidence nor determine the credibility of witnesses. The conviction will not be set aside when there is substantial evidence of probative value supporting the jury's verdict. *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

In this case, the record shows that the night clerk was held at gunpoint and told to cooperate. He was ordered to get into a car and then driven around for about half an hour while a gun was pointed at his head. This is sufficient evidence to show that the night clerk was forcibly taken against his will and carried away from his place of employment and is sufficient to establish the elements of kidnapping. *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836.

With respect to the robbery convictions, defendants contend that there was no evidence of anything actually taken from the person or possession of the night clerk. There is no merit to this contention since it is clear that a conviction may be sustained on the basis of circumstantial evidence alone. *Webster v. State*, (1978) Ind., 383 N.E.2d 328. Here there was testimony that one of the defendants said "he was going to take the money." Kemerly was forced out of the office at gunpoint and one defendant later came out of the motel office carrying a small bundle or sack. A subsequent check on the same night by the owner of the motel showed that a sum of money and several business records were missing. This was sufficient evidence from which the jury could have inferred that defendants removed the money and business records from the motel office. *Riley v. State*, (1976) 265 Ind. 43, 349 N.E.2d 704; *Hilligoss v. State*, (1970) 253 Ind. 443, 255 N.E.2d 101.

Although defendants further claim that there is insufficient evidence to prove they were armed because of Kemerly's equivocal testimony with respect to a gun, we find no merit in that contention either. The record shows that Kemerly stated that defendant Ayers had "a small, shiny weapon, not a revolver." Kemerly then consistently referred to the weapon as a gun which was held on him throughout the ordeal. While Kemerly stated that the small, shiny weapon was not a revolver, he did consistently refer to it as a gun. This is sufficient evidence to support the conviction of armed robbery.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.