FANIEL MARSHALL *v.* STATE OF INDIANA.

[No. 2-474A93. Filed December 11, 1974.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—On March 10, 1971, defendant-appellant Faniel Marshall was charged by affidavit with the offense of first degree burglary. Following trial to the court, appellant was found guilty as charged and sentenced to imprisonment for a period of not less than ten nor more than twenty years. On January 22, 1974, appellant's belated motion to correct errors was overruled and the present appeal was thereafter perfected.

The sole issue presented for review is whether appellant's conviction is supported by sufficient evidence.

An examination of the evidence most favorable to the State discloses that Samuel C. Pete and John Buckley were the owners of a dwelling house located at 1514 North College Avenue in the City of Indianapolis, Indiana, and that such dwelling house was, at the time in question, the residence of Pete. At approximately 9:15 or 9:30 P.M. on the evening of February 12, 1971, Buckley was proceeding to his nearby home when he observed that an automobile was blocking the driveway of the property adjacent to the Pete residence. He also noticed that the automobile was occupied by a man; that another man standing between two buildings at the rear of the property was holding a lamp; and that the man dropped the lamp and ran. He also observed that "the back door to this house was standing wide open." Buckley, who was aware that the Pete residence was equipped with an alarm system, shortly thereafter contacted the Circle Alarm Company and was informed that the police had already been dispatched to 1514 North College Avenue.

Following the arrival of Officers James Enochs and David L. Luker, Buckley informed Officer Luker of the car which was blocking the driveway, of the man who occupied it and of the other man who had been standing between the buildings. Buckley testified that only seconds after he had informed the officer of such facts he noticed that a dark colored 1960 two-door hardtop Pontiac passed by "from north on College" and that such automobile which had been blocking the driveway "turned west on Fifteenth Street."

Officer Enochs testified that upon his arrival at the scene he observed "a sixty Pontiac, two-door hardtop *** leaving the rear of the 1514 North College" and that he advised Officer Luker who thereupon followed the automobile as it proceeded west on Fifteenth Street. Subsequently, Officer Enochs "went into the house to check to see if there was anyone else in the house." He observed "that the back door had been knocked in" and also observed "footprints leading from the house to the alley."

Officer Luker testified that he followed "the brown Pontiac" for a block before activating his red light and siren and that he thereafter pursued the automobile for approximately ten or eleven blocks before it turned a corner, slid into a curb and finally came to rest. The officer further testified that after the automobile "slid over against the curb" the "right door came open and a subject jumped out and ran between the houses west from that location." Realizing that he could not catch the fleeing individual, Officer Luker apprehended the driver of the automobile whom he later identified as the defendant, Faniel Marshall. Three antique lamps valued at over $100 were recovered from the back seat of the automobile and a loaded .22 calibre revolver was found under the front seat of the car on the driver's side. Buckley, who had subsequently been brought to the scene of the arrest, identified the lamps as belonging to and having come from the residence of Samuel C. Pete.

Appellant contends that there is no direct evidence that he broke into Pete's residence with intent to commit a felony therein and that the existing circumstantial evidence is insufficient to support a conviction.

When reviewing sufficiency of the evidence, this court will only determine whether there is substantial evidence of probative value from which the trier of fact could reasonably infer guilt beyond a reasonable doubt. Evidence will not be weighed nor will credibility of witnesses be determined. *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E.2d 73, 40 Ind. Dec. 675; *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233, 37 Ind. Dec. 517. Circumstantial evidence is subject to the same general review. As stated in *Atkins* v. *State, supra,* at 392 of 159 Ind. App., at 76 of 307 N.E.2d:

"The specific test for the examination of circumstantial evidence requires that we view the evidence, not for the purpose of determining whether or not it is adequate to overcome every reasonable hypothesis of innocence, but

with the view of deciding whether an inference may be reasonably drawn therefrom which tends to support the finding of the trial court. McAfee v. State (1973), [259] Ind. [687], 291 N.E.2d 554, 556; Glover v. State (1973), [157] Ind. App. [532], 300 N.E.2d 902."

With regard to the element of breaking and entering into a dwelling house, evidence adduced at trial placed appellant in close proximity to the scene of the crime at the time of the crime. Testimony disclosed that the back door of Pete's residence had been forced open and it was further shown that lamps which had been removed from the house were found in an automobile driven by appellant. Samuel C. Pete testified that he had not given appellant permission to go into his home or remove any of his property. It is thus reasonable to infer that either appellant himself broke open the back door of Pete's residence and thereby gained access to the lamps by illegal entry, or that an accomplice did. As for the latter possibility, IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns Supp. 1974), provides that one who aids or abets the commission of a felony can be convicted as though he were a principal. See: *Smithhart* v. *State* (1971), 256 Ind. 533, 270 N.E.2d 740.

As to the intent to commit a felony, the evidence was uncontroverted that certain items stolen from Pete's home were recovered from the back seat of defendant's automobile. In *Vaughn* v. *State*, at 679 of 255 Ind., at 219-220 of 266 N.E.2d, our Supreme Court stated:

"[I]t has long been held that possession of stolen property shortly after the time of the theft is a circumstance from which a jury is entitled to draw an inference of guilt. [Citations omitted.]"

Appellant also suggests that he pulled over as soon as he recognized that the police were pursuing him, that unlike his passenger he refused to flee on foot and that it is, therefore, unreasonable to infer that he was fleeing from the burglary.

The trial court as trier of fact had no means by which to evaluate appellant's motives other than by analysis of the evidence presented. Such evidence included testimony showing that the automobile driven by appellant was pursued by Officer Luker for approximately ten or eleven blocks; that during the pursuit the officer utilized a flashing red light and siren; and that appellant's stop was not voluntary in that he failed to negotiate a turn and "slid into a curb." Contrary to what defendant sets forth as his subjective thought processes in regard to flight, the facts and inferences therefrom reasonably lead to the conclusion that defendant was attempting to effectuate an escape at the time of apprehension.

As stated in *Atkins* v. *State, supra,* at 393 of 159 Ind. App., at 76 of 307 N.E.2d:

"Evidence of flight or other actions calculated to hide a crime or effect an escape is admissible as evidence of guilt. It is for the trier of fact to assign the weight to such evidence. Turner v. State (1970), 255 Ind. 427, 429, 265 N.E.2d 11. Presence at the scene of a crime in connection with other circumstances tending to show Atkins' participation may be sufficient to support a finding of his guilt. McGill v. State (1969), 252 Ind. 293, 247 N.E.2d 514."

Thus, after consideration of all of the evidence, direct as well as circumstantial, it must be concluded that the trier of the facts could find guilt beyond a reasonable doubt.

No reversible error having been shown, the judgment of conviction entered by the trial court is affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 320 N.E.2d 830.