## DAN KAPPES *v.* STATE OF INDIANA.

[No. 2-974A225. Filed July 16, 1975.]

*Stephen J. Cuthbert,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PER CURIAM—Dan Kappes, defendant, is appealing his conviction of second-degree burglary,[1] for which he was sen-

---

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956) reads in pertinent part as follows:

"(b) Whoever breaks and enters into any boat, wharf-boat, or other

tenced to the Indiana Department of Correction for a term of two to five years. The sole issue presented is whether there was sufficient evidence to support the conviction.

We affirm.

Facts viewed most favorably to the State reveal that early on the morning of March 29, 1973, Officer James Withers of the Lafayette Police Department had three men under surveillance. All three were known to Withers personally. At approximately 2:00 a.m., William Crank, Larry Morrison and defendant were observed by Withers approaching Friendly Foster's, a restaurant in Lafayette. Defendant was seen hiding behind a trash barrel as Crank attempted to kick down a side door. Crank failed to gain entry through the door but successfully kicked out a window in the front portion of the restaurant.

After radioing for assistance, Withers proceeded toward the front of the building. Although Withers was only able to identify Crank and Morrison as running from the building, Officer Lloyd Brown, a member of the assistance team, observed three individuals running from inside the restaurant, one of whom then slipped around the building. Crank and Morrison were picked up shortly after the break-in, while defendant was eventually apprehended thirty to forty-five minutes later and approximately a mile from the scene of the crime.

Defendant concedes in his brief that sufficient evidence existed establishing that both Crank and Morrison entered the restaurant with intent to commit a felony.[2] Defendant's

water-craft, interurban-car, street-car, railroad-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period; Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law.

2. It was adduced from the testimony that two filing cabinets were broken into and that coins from a vending machine were scattered on the floor.

argument rests on the fact that Withers saw only Crank and Morrison exit the building and that no one witnessed defendant either enter or leave the building.

It is well established that a conviction may be sustained on circumstantial evidence alone. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Lamb* v. *State* (1974), 162 Ind. App. 181, 318 N.E.2d 587. As stated in *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E. 2d 73, 76:

> "The specific test for the examination of circumstantial evidence requires that we view the evidence, not for the purpose of determining whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom which tends to support the finding of the trial court."

Officer Withers testified that he was acquainted with all three individuals involved, he witnessed Crank attempting to kick down the door as defendant hid behind a trash barrel, he witnessed Crank break the front window of the restaurant, and that he saw Crank and Morrison exit the building. The circumstantial evidence is that Officer Brown observed three unknown individuals running from inside the store. The one individual he captured was later identified as Morrison.

It is felt from the above facts that an inference can reasonably be drawn that defendant was one of the three individuals attempting to flee from inside the restaurant. Sufficient circumstantial evidence existed from which the jury could find guilt beyond a reasonable doubt.

Even if Officer Brown's testimony was eliminated and the facts altered to show that only Crank and Morrison were seen leaving the building, defendant's conviction might nevertheless be upheld.

IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns 1956) provides as follows:

> "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command,

or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal." (Amended by Acts 1974, P.L. 143, § 17, p. 612.)

In view of Withers' unequivocal identification of defendant at the scene of the crime in addition to the fact that after Crank broke the window all three men were seen laying in high grass for approximately five minutes prior to anyone entering the building, it could reasonably be concluded that defendant was acting in concert with Crank and Morrison. Even if defendant never actually entered the building, he was still an accessory and as such, subject to the same penalty as the others. *Smithhart* v. *State* (1971), 256 Ind. 533, 270 N.E.2d 740; *Marshall* v. *State* (1974), 162 Ind. App. 392, 320 N.E.2d 830; *Maynard* v. *State* (1973), 157 Ind. App. 573, 301 N.E.2d 200.

Accordingly, we affirm.

NOTE.—Reported at 330 N.E.2d 755.