WILLIAM JOHNSON *v.* STATE OF INDIANA.

[No. 3-375A47. Filed August 14, 1975.]

*George Glendening,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, J.—On February 19, 1974, defendant-appellant William Johnson was charged by affidavit with having committed the offense of second degree burglary as defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956), which provides, in pertinent part, as follows:

"(b) Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban-car, street-car, rail-road-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and

place the defendant on probation in accordance with existing law."

Following trial before a jury, Johnson was found guilty as charged, committed "to the custody of the Indiana Department of Corrections, to be confined by them in a proper institution for a period of not less than two (2) nor more than five (5) years", and ordered to satisfy costs. Thereafter, appellant's motion to correct errors was overruled and the present appeal was perfected.

The sole issue to be considered on appeal is whether appellant's conviction of the offense of second degree burglary is supported by sufficient evidence.

An examination of the evidence most favorable to appellee State discloses that at approximately 1:30 A.M. on February 15, 1974, Officer Joseph Aydelotte of the Gary Police Department was dispatched to the Goodyear Service Store located at 3515 Grant Street in the City of Gary, in response to a burglar alarm which had been activated at that location. Upon his arrival at the scene, the officer observed a "dark colored Cadillac" parked in front of the store and also noticed that a large window had been broken at the same location. Shortly thereafter, the Cadillac left the scene and was pursued by the officer through city streets at speeds approaching 80 miles per hour. The suspect vehicle was subsequently forced to stop at a police roadblock. After the automobile had come to rest, a man who was later identified as appellant Johnson leaped from the passenger side and attempted to flee on foot. Appellant was immediately apprehended by officers who had participated in the roadblock. Two other occupants of the automobile were also taken into custody. During a subsequent search of the vehicle, four television sets were recovered from the rear seat area and three television sets were found in the trunk. At trial, it was established that the television sets had been removed from the Goodyear Service Store.

We note that the foregoing factual circumstances are highly similar to those presented in the case of *Marshall* v. *State* (1974), 162 Ind. App. 392, 320 N.E.2d 830, wherein this court affirmed a conviction of first degree burglary. Similarly, in the case at bar it must be concluded that appellant's conviction of the offense of second degree burglary is supported by sufficient evidence.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 332 N.E.2d 247.