KIM RAY MONROE *v.* STATE OF INDIANA.

[No. 2-375A84. Filed December 30, 1975.]

*Theodore M. Koch,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

PER CURIAM—Defendant-appellant, Monroe, appeals from his conviction of theft,[1] contending the evidence was insufficient to prove the offense charged since the State did not prove that he knowingly exerted unauthorized control.

We affirm.

The evidence most favorable to the State is: On April 15, 1974, Lawrence Pierce of Marion County, Indiana, parked and locked his motorcycle in front of his apartment. The following morning when he returned to the location where

---

1. IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974).

he had parked his motorcycle, he discovered that it was missing. He immediately reported the theft to the police.

Approximately ten days later Officer Beaton of the Indianapolis Police Department saw defendant on a motorcycle which matched the description of the stolen cycle, and attempted to stop the defendant. The officer pursued the defendant for several blocks until the defendant fell from the motorcycle turning a corner. The defendant immediately tried to flee on foot, but the officer released his police dog and apprehended the defendant in the alley east of the intersection.

Defendant maintained that he had borrowed the motorcycle from a friend, but he was never able to produce this friend at trial. In addition, the defendant's girlfriend did not know of this alleged friend. The trial court convicted defendant of the offense charged and sentenced him to one to ten years.

When circumstantial evidence is the basis of a conviction, this Court looks at that evidence to determine whether the inference of guilt drawn therefrom is reasonable. *Linnemeier* v. *State* (1975), 165 Ind. App. 31, 330 N.E.2d 373. Such evidence upon review is examined not for the purpose of determining whether it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom which supports the judgment of the trial court. *Kappes* v. *State* (1975), 165 Ind. App. 106, 330 N.E. 2d 755.

> "Any such inference, however, must be a logical deduction flowing directly from the circumstantial evidence which initiated the inference. *Pierce* v. *State* (1974), 161 Ind. App. 217, 315 N.E.2d 376."

Here the State's circumstantial evidence is relied on to prove the essential elements of knowledge and unauthorized control.

The defendant was observed on a stolen motorcycle and fled when approached. After he had fallen from the cycle, he again tried to flee, but was apprehended. Defendant's girlfriend testified that defendant had been riding the motorcycle for several days and she did not

know defendant's alleged friend. This testimony in conjunction with defendant's deliberate actions was substantial evidence which reasonably supports an inference that Monroe had knowingly obtained and exerted unauthorized control of the motorcycle.

Defendant having presented no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported at 339 N.E.2d 102.