LARRY FINLEY FOOR *v.* STATE OF INDIANA.

[No. 3-676A126. Filed April 6, 1977.]

---

4. As a closing note, we invite the attention of counsel for McMahan-O'Conner to Ind. Rules of Procedure, Appellate Rule 8.2(A)(2).

*Robert S. Bechert,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Arthur,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Larry Finley Foor was charged by amended information as an accessory before the fact to a violation of the Indiana Uniform Controlled Substances Act. Trial to the court resulted in a finding of guilty as charged.

The sole issue presented on appeal is whether there is substantial evidence of probative value from which the trier of fact could reasonably infer that appellant was guilty beyond a reasonable doubt.

The evidence and reasonable inferences most favorable to the State disclose that at approximately 6:30 P.M. on the evening of February 27, 1975, Officers Bill John Guevara[1] and George E. Colby were shooting pool at the Northcrest Bowling Alley. A young lady, later identified as Susan Miller, approached the officers and asked Officer Guevara if he "wanted to buy some reds." Officer Guevara was informed that the price was $1 per capsule. Officer Guevara asked whether she could get a larger quantity to sell him because what she had in her hand was insufficient. Susan Miller stated that she didn't have any more on her and that she would "check with her man." She then walked over to another pool table approximately twenty feet from the officers and had a conversation with appellant. The officers could not hear the conversation. However, during the conversation, they observed appellant nod his head up and down.

Ms. Miller then returned and offered to sell as many as thirty-five capsules. The officers told her they wanted to go outside to transact the sale. Once outside Officer Guevara gave Miller $5 and she gave him five "reds" from a plastic box which contained a larger quantity. Officer Colby then identified himself as a police officer and placed Susan Miller under arrest.

The day following her arrest Lt. Gerald Hall of the Juvenile Division took a statement from Ms. Miller. In that statement she stated that the Seconal she had attempted to sell to the police officers was given to her by appellant, that appellant pointed out someone to her whom he said desired to purchase drugs, and that she went over to talk to appellant after her

---

1. Officer Guevara was an informant for the Allen County Police Department on February 27, 1975. At the time of trial he was a reserve officer with the Allen County Sheriff's Department.

initial conversation with the police officers to ascertain whether appellant could supply a larger quantity.

At trial Susan Miller's testimony was in direct conflict with her statement to Lt. Hall. She testified that she was at the bowling alley with both appellant and Mike Melvin, that Melvin asked her to sell the capsules, that Melvin pointed out the officers as potential buyers, that she had 30-35 capsules on her when she approached the officers, and that Melvin was "the man" to whom she was referring in regards to supplying a larger quantity of the drug for sale to the officers.

Appellant contends on appeal that there was insufficient evidence adduced at trial from which the court could reasonably infer that appellant was guilty beyond a reasonable doubt of the crime charged. Appellant asserts that Susan Miller's statement to Lt. Hall the day following the sale of narcotics to the police officers was the only direct evidence of appellant's guilt, and that, when viewed with her in-court testimony implicating Mike Melvin rather than appellant, places a heavy emphasis upon the quality of her statement to Lt. Hall as substantial evidence of probative value.

A verdict of guilty in a criminal trial is supported by sufficient evidence where the evidence of probative value most favorable to the State and the reasonable inferences which may be drawn therefrom would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt. *Rosell* v. *State* (1976), 265 Ind. 173, 352 N.E.2d 750; *Cowherd* v. *State* (1970), 253 Ind. 693, 256 N.E.2d 679. If reasonable men could not have drawn those conclusions from the evidence presented, then the evidence is insufficient as a matter of law. *Rosell* v. *State, supra.* If reasonable men could differ as to whether the evidence upon which to base a conviction of an accused is sufficient, the judgment of guilty will not be set aside as unsupported by the evidence. *Rosell* v. *State, supra.*

Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as sufficient to support a conclusion. *Vonville* v. *Dexter* (1948), 118 Ind. App. 187, 208, 76 N.E.2d 856, *reh. den.* 77 N.E. 2d 759 (transfer denied). Substantial evidence of probative value possesses qualities of directness and freedom from uncertainty. *Vuncannon* v. *State* (1970), 254 Ind. 206, 258 N.E.2d 639. However, this does not require mathematical certainty. *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339. Nor does it imply that conflicts in the testimony of the State's witnesses or in the testimony of any one witness prevents such testimony from reaching the required standard of proof necessary to support a conviction. *Rosell* v. *State, supra; Turner* v. *State, supra; Livingston* v. *State* (1972), 257 Ind. 620, 277 N.E.2d 363.

An out-of-court statement, such as the one given by Susan Miller in the case at bar, was traditionally objectionable as hearsay. However, in *Patterson* v. *State* (1975), 263 Ind. 55, 324 N.E.2d 482, our Supreme Court departed from its earlier application of the hearsay rule and permitted the use of out-of-court assertions as substantive evidence when the declarant was present in court and available for cross-examination. In *Torrence* v. *State* (1975), 263 Ind. 202, 328 N.E.2d 214, it was held that a prior inconsistent statement which was repudiated by the declarant in court could be used as substantive evidence under the *Patterson* rationale. *Torrence* further implied that it was for the trier of fact to determine the weight and credit to be given the evidence presented. In *Lloyd* v. *State* (1975), 166 Ind. App. 248, 335 N.E.2d 232 (transfer denied), the admission of a witness that his prior statement placed defendant at the scene of the crime during its commission was considered as substantive evidence of defendant's guilt notwithstanding his trial testimony that defendant was not present during the burglary. This evidence, coupled with defendant's unexplained possession of recently stolen goods in close proximity in both time and distance to the burglarized premises

was held sufficient to sustain the defendant's conviction for burglary.

In light of *Patterson* and its progeny, Susan Miller's statement was substantive evidence in the trial of appellant. Moreover, her statement is corroborated by the testimony of Officers Guevara and Colby who testified that after Miller left to check with "the man", she did not speak to anyone from the time she left the officers until she approached appellant's table, that no one else was at appellant's table, and that no one else was involved in the conversation between Susan Miller and appellant. At trial she testified that both appellant and Melvin were at the same pool table and that she had a conversation with both of them. Her trial testimony is thus inconsistent with the officers' testimony in this respect. The weight and credibility of the officers' testimony was a proper consideration for the trier of fact in determining the weight and credibility to be given Miller's statement and her in-court testimony.

Appellant asserts that he is not asking this court to weigh Miller's trial testimony against her statement, but rather he is contending that the statement does not qualify as substantial evidence of probative value because of the unfavorable conditions under which the statement was obtained.

The unfavorable conditions appellant ascribes to the statement are that Susan Miller was still under the influence of drugs, that she was in a custodial environment only hours after her apprehension, and that she was, by the admission of the State's own witness, scared. These factors, however, go only to the weight and credibility to be given the evidence.

Although Miller testified at trial that she was under the influence of drugs at the time she made her statement, the statement itself and the testimony of Lt. Hall and her brother-in-law Officer Chase were to the contrary. It was for the trier of fact to place such weight upon this evidence as it deemed

appropriate. The fact that Miller was in a custodial environment likewise goes to the weight of the evidence.

The fright which the State's witness ascribed to Susan Miller was not due to threats of police reprisals but was rather fright he thought she was probably experiencing from being locked up for the first time.

Finally Miller testified at trial that she implicated appellant because she feared physical harm from Mike Melvin if she implicated him.

The trial court disbelieved Susan Miller's in-court testimony that it was someone other than appellant who had committed the crime. The verdict is one upon which reasonable minds might well differ, and, therefore, will not be reversed as unsupported by the evidence. *Rosell* v. *State, supra.*

Susan Miller's statement was substantive evidence of appellant's guilt, and, when viewed in conjunction with other evidence that, in response to Officer Guevara's question concerning a larger quantity of drugs, Miller stated she "would check with her man", then walked over and had a conversation with appellant and returned to offer as many as thirty-five capsules is sufficient to sustain the conviction.

The judgment of the trial court is therefore affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 360 N.E.2d 1273.