ELIGHA MOORE *v.* STATE OF INDIANA.

[No. 177S9. Filed June 16, 1978.]

*Harriette Bailey Conn*, [*Mrs.*], Public Defender of Indiana, *Kenneth T. Roberts*, Special Assistant, for appellant.

*Theodore L. Sendak*, Attorney General, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Eligha Moore, was indicted for first-degree murder and felony murder. He was found guilty of second-degree murder and sentenced to a term of imprisonment of not less than fifteen nor more than twenty-five years. On appeal he raises the following issues:

1. Whether any of certain alleged errors not objected to at trial were fundamental errors;

2. Whether charges against a co-defendant were improperly dismissed;

3. Whether the prosecutor improperly commented on the accused's failure to testify; and

4. Whether there was sufficient evidence to support the jury's verdict.

## I.

During the prosecutor's opening statement the prosecutor stated that he would prove both the defendant and his co-defendant guilty of felony murder through the confession of co-defendant Turner. It is conceded that no objection was made. However, defendant contends that the statement was a violation of *Bruton* v. *U.S.*, (1968)

391 U.S. 123, and a fundamental error. The statement referred to was not admitted into evidence; however, Turner turned state's evidence and testified during the trial. There was no violation of *Bruton* and no fundamental error.

An instruction advised the jury that the indictment contained two counts, one for first-degree murder and one for felony murder. The jury was told it could return a verdict of guilty under either of those counts. The defendant alleges that the instruction is erroneous because first-degree murder is an included offense of felony murder, and it is improper to separate an included offense into another count. However, in *Holland* v. *State,* (1976) 265 Ind. 216, 352 N.E.2d 752, we held that a two-count indictment for first-degree murder and felony murder was proper.

An instruction was given by the trial court that the jury was not to consider the failure of the defendant to testify. This instruction was not objected to and was therefore not erroneous. *Gross* v. *State,* (1974) 261 Ind. 489, 306 N.E.2d 371.

## II.

The defendant was jointly indicted for the murder of George Brown. After their arrest, a confession was obtained from Turner, the co-defendant. A jury trial was commenced against both defendants. Pursuant to a plea bargain, Turner testified for the state. After this testimony, Turner was granted a severance by the trial court and the jury was instructed that "his matter has been severed from this trial."

No objection was made to this procedure at trial. The defendant now alleges that Ind. Code § 35-1-31-7 (Burns 1975) requires that a co-defendant be discharged before he may be a witness for the state. The statute is clearly discretionary as is indicated by the use of the term "may." Additionally, the defendant has not alleged any personal prejudice resulting from his co-defendant's severance rather than a discharge.

## III.

During final argument to the jury the prosecutor made what is now being argued as a prejudicial comment on the accused's failure to testify. There is no verbatim transcript of the argument, although there is a record of the motion for a mistrial which came after arguments and the reading of instructions. The record clearly reflects that the trial judge offered to admonish the jury and that defense counsel declined this offer. An admonishment is generally sufficient to cure any harm and would have been adjudged to have cured the harm in this case. *Phelps* v. *State,* (1977) 266 Ind. 66, 360 N.E.2d 191. There was no error in overruling the defendant's motion for a mistrial.

## IV.

The defendant's two assignments of error that the evidence was insufficient and that the trial court erred in overruling his motion for a directed verdict will be treated together. When reviewing the sufficiency of the evidence, this Court considers the evidence most favorable to the verdict together with all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658. If there is sufficient evidence to support the verdict under this standard, then there clearly is enough evidence to support the trial court's denial of defendant's motion for a directed verdict.

The defendant was convicted almost exclusively on the testimony of his co-defendant, William Turner, who testified pursuant to a plea bargain reached during trial. The defendant concedes that a conviction may be sustained on the uncorroborated testimony of an accomplice. The fact that an accomplice is induced to testify by a benefit offered to him, goes to the weight of the testimony only. *Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51.

The defendant, however, believes that Turner's testimony is incredible and not worthy of belief. He sets out the following reasons for this contention.

Turner had been drinking and smoking marijuana on the night of the crime. He was a convicted felon. On two occasions he had been committed for mental care, and had received shock treatments. Turner had already confessed to the crime and was testifying pursuant to a plea bargain. This evidence was received before the jury, which had the benefit of observing the witness's demeanor. All of the enumerated evidence was available affecting the weight of Turner's testimony. It does not so affect Turner's credibility as to render the evidence insufficient to support the jury verdict on review.

For all the foregoing reasons, there was no trial error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 376 N.E.2d 1129.