RONALD EUGENE FINCH *v.* STATE OF INDIANA

[No. 2-677A245. Filed August 28, 1978.]

*Earl N. Davis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Robert F. Colker,* Assistant Attorney General, for appellee.

MILLER, J.—The Defendant, Ronald Eugene Finch, was charged by amended information with the crime of second degree burglary.[1] After a court trial, the Defendant was found guilty of the included offense of entering to commit a felony[2] and sentenced to one to five years imprisonment.

The only question presented for our review in this appeal is the sufficiency of the evidence to support the Defendant's conviction.

State's witness Tommy Gibson testified that on the evening of April 11, 1976 he and the Defendant were driving together with a man named Bill Parsley. They drove to Crady's Complete Service (a body and paint

---

1. IC 35-13-4-4(b). Repealed. For new law see I.C. 35-43-2-1.
2. IC 35-13-4-5. Repealed. For new law see I.C. 35-43-2-1.

shop) in Indianapolis where Defendant threw a rock through the window enabling them to unlock the door from the inside. Gibson and the Defendant entered the premises and proceeded to remove money and cigarettes from the cigarette machine, a cutting torch and assorted tools. Charles Handlon was with them in the car during the evening but not at the time of the burglary. Gibson admitted that he had entered into a plea bargain agreement with the prosecutor and, in return for his testimony against the Defendant, he was permitted to plead guilty to 3rd degree burglary, a misdemeanor.

Another witness for the State, Charles Handlon, testified that he was with Tommy Gibson, Ronald Finch and Bill Parsley on the night in question when they drove around Crady's building. When Handlon was picked up, Defendant Finch told him that they were going to "bust into the place". He observed a broken window in the front door of Crady's building and the Defendant told him that they had thrown rocks through the window to see if the burglar alarm would go off. When Handlon was informed of the impending burglary he was, at his request, dropped off at his home.

The owner of Crady's Complete Service testified that when he arrived at his building on the morning of April 12, 1976, a back-door window was broken and the front door was unlocked. The cigarette machine in the office had been broken into and all of the cigarettes and money had been taken. Also, he estimated that approximately seven to eight thousand dollars worth of tools were missing. He did not know the Defendant or Tommy Gibson before the break-in and he did not give anyone permission to enter his business and remove his tools and other property.

The Defendant asserts the following in his brief:

> The Defendant contends that the State has failed to prove by substantial evidence of probative value that the Defendant commited the crime of entering with the intent to commit a felony. The only evidence bearing on the guilt of the defendant was testimony presented by an informer who had made a "deal" with the State in exchange for his testimony.

(Appellant's Brief, pp. 6, 7)

In a criminal case, when a question of the sufficiency of the evidence supporting a finding of guilty is presented to this Court, whether the evi-

dence is direct, circumstantial or a combination thereof, we will consider only that evidence most favorable to the State and all reasonable inferences drawn therefrom. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Schilling v. State* (1978), 268 Ind. 534, 376 N.E.2d 1142. *Foor v. State* (1977), 172 Ind. App. 618, 360 N.E.2d 1273. *Monroe v. State* (1975), 167 Ind. App. 418, 339 N.E.2d 102.

We cannot, and do not, weigh the evidence nor determine the credibility of witnesses. *Schilling v. State, supra, Hunter v. State* (1977), 172 Ind. App. 397, 360 N.E.2d 588.

The Defendant has apparently conceded that the State has, in this case, proved the *corpus delicti*, that is, that the victim's building was entered by someone with the intent to commit a felony therein. However, the Defendant challenges his conviction as being based solely on the testimony of an alleged accomplice who made a plea bargain agreement with the State in exchange for his testimony and who identified Defendant as one of the burglars.

Even if accomplice Gibson's testimony were uncorroborated, the Defendant's contention must fail. It is now settled in this State that a conviction may be sustained on the uncorroborated testimony of an accomplice even though the accomplice is induced to testify by a benefit offered to him. The fact that the witness receives such benefit goes to the weight of his testimony only. *Moore v. State* (1978), 268 Ind. 519, 376 N.E.2d 1129; *Coleman v. State* (1975), 264 Ind. 64, 339 N.E.2d 51.

But, in fact, accomplice Gibson's testimony was corroborated by State's witness Handlon, who:

1. Placed the Defendant at the scene of the crime in the company of accomplice Gibson and apparent accomplice Parsley;

2. Testified that the Defendant stated that he and his accomplices were going to "bust into the place" (Crady's), and;

3. Testified that the Defendant told him that he and his accomplices threw rocks through the window of the victim's business in order to see if the burglar alarm would go off.

Admittedly, the State failed, for some reason, to call Bill Parsley as a witness in order to corroborate the testimony of Mr. Gibson and Mr. Handlon. However, even when a witness is endorsed as such on the information (Parsley was not listed as a State's witness in this case), the failure by the State to produce such witness goes to the weight and not the sufficiency of the evidence. *Treadwell v. State* (1972), 152 Ind. App. 289, 283 N.E.2d 397, 400.

Based on the above, the judgment of Judge Tranberg was indeed supported by very substantial evidence. In fact, it is apparent that he could have found the Defendant guilty of the greater offense of second degree burglary. However, Judge Tranberg obviously exercised his discretion as the trier of fact and, perhaps based upon the age of the Defendant (20 years), tempered justice with mercy by finding the Defendant guilty of the lesser offense. His judgment should be affirmed.

Judgment affirmed.

Buchanan, C.J. concurs (by designation).

Shields, J. concurs (by designation).

NOTE—Reported at 379 N.E.2d 990.