Albert LARKIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 579S141.

Supreme Court of Indiana.

Sept. 4, 1979.

Terry C. Gray, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of two counts of kidnaping and two counts of robbery resulting in bodily injury. He was sentenced to concurrent terms of 30 years on each count.

The evidence shows that on the evening of January 31, 1978, Robert Pioch and Charles Mann were driving around drinking in Gary, Indiana. They stopped at the El Corral Restaurant where Larry Weeten asked them for a ride. Pioch and Mann took Weeten first to the Nova Lounge for a brief stop and then to 568 Adams Street in Gary.

On the way to Adams Street, Weeten commented that he was "feeling good" from marijuana. A discussion was held regarding a possible drug purchase from the occupants of the apartment to which he was headed. Upon arrival, Weeten cleared the deal and led Mann and Pioch into the basement apartment, where they saw Willie Simms, Paul Smith and appellant Albert Larkin. Appellant directed two of the men to retrieve the marijuana. When they returned, Simms struck Pioch on the head with a ball bat, knocking him into a chair. When Mann tried to go to Pioch's assistance, appellant knocked him down with a bat, saying "Take your boots and socks off and pull your wallet out." Pioch was also directed to give up his wallet.

Mann and Pioch handed over their wallets, but when the assailants saw how little money the two victims had, appellant began

striking Mann about the head again and threatening to kill him. Appellant and Simms then began arguing, appellant wanting to kill the two men and Simms wanting to get more money from them.

They finally agreed that Simms and Smith would take Pioch to his home to get about $400, a stereo and a couple of guns while appellant would remain with Mann. When the trio arrived at Pioch's apartment building, Pioch took them to the wrong apartment, presumably to attract attention. When they failed to gain entry, they went outside to get Pioch to break a window. At this point, the tenant rapped on the window and said she had called the police, whereupon Simms and Smith fled.

Meanwhile, back at the apartment, appellant had tied up Mann with a cord from an electric fan and a cloth and had shoved him into a closet. Appellant came to the closet every few minutes to threaten and abuse Mann.

When Simms and Smith returned, appellant decided to free Mann, warning him not to report the incident to the police or he would kill Mann's wife and baby. As Mann was leaving the apartment, the police arrived with Pioch to arrest Simms, Smith and appellant Larkin.

■ Appellant first argues that the evidence is insufficient as a matter of law to support the verdict. After an independent review of the record, we hold that the above recited evidence, as well as other evidence in the record, is substantial evidence of probative value from which the jury could well have concluded that appellant was guilty beyond a reasonable doubt.

■ Appellant then makes the argument that the uncontroverted evidence shows he was intoxicated at the time of the offenses. Voluntary intoxication is no defense to or excuse for a crime, unless the defendant is shown to have been so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. *Snipes v. State* (1974) 261 Ind. 581, 307 N.E.2d 470. Here, the jury considered the evidence presented on the issue of ap-

pellant's intoxication; however it simply chose to disbelieve it. It was within the prerogative of the jury to do so. Moreover, appellant failed to tender an instruction on the defense of intoxication. He cannot now claim error on the refusal to instruct. *Miller v. State* (1978) Ind., 372 N.E.2d 1168.

■ Appellant also makes a reference to an alleged evidentiary harpoon in which a prosecuting witness told the jury the name of Larry Weeten, the person who had first met the victims at the El Corral Restaurant. At the time of appellant's trial, Weeten had been charged with two counts of kidnaping and robbery in connection with the incident, but had not yet been arrested. First, the objection came after the question was asked and answered, and therefore was not timely. Second, Weeten was a co-participant in this entire series of events which culminated in the commission of the robbery and kidnaping of two victims. His identification and his acts were admissible against the other participants. *Blevins v. State* (1973) 259 Ind. 618, 291 N.E.2d 84.

Appellant finally argues that various exhibits were improperly admitted in evidence. He claims that the police unlawfully obtained from Simms consent to search the apartment where the incident occurred. Assuming *arguendo* that appellant had standing to object to the search, we find that under the facts shown by this record, the consent to search was voluntary and proper.

■ A person in police custody who is asked to consent to a search is entitled to the presence and advice of counsel prior to giving his consent. This right, however, may be waived by a knowing and intelligent waiver after full advice of his constitutional rights. *Pirtle v. State* (1975) 263 Ind. 16, 323 N.E.2d 634. In the case at bar, Simms was taken into police custody. As tenant of the basement apartment at 568 Adams Street, where the incident occurred, Simms was asked if he would consent to a search of his apartment. Simms agreed. He then was read his *Miranda* rights, ini-

tialed each right on the waiver form and signed it. The officer testified that Simms was not intoxicated, was not coerced into making the statement and appeared and acted normal, voluntarily waived his rights and subsequently made and signed an exculpatory statement of his version of the incident. Immediately thereafter, Simms was handed a consent-to-search form. The form was read to him. He then read the form himself, completed it and signed it. Again, the officer's testimony was that the waiver was made voluntarily. In light of all these circumstances, we hold that Simms' consent to search was valid and therefore appellant cannot have the evidence obtained through the search suppressed on that basis.

Appellant further urges that the items were irrelevant to the issues in the case. All evidence is relevant if it tends to prove or disprove a material fact in the case or sheds any light on the guilt or innocence of the accused. *Pirtle v. State, supra; Blevins v. State, supra.* Appellant's objections to Exhibits "A" and "B," Simms' *Miranda* waiver form and his statement, are ill-founded as they were considered by the trial court only for purposes of the hearing on appellant's objections to the exhibits. They were never shown to the jury. The other exhibits objected to were displayed to the jury. They consist of photographs of the automobile of the victim Robert Pioch, a photograph of the victim Charles Mann, photos of the El Corral Restaurant, the Nova Lounge, and Pioch's home, the contents of the victims' wallets which had been taken from them, the ball bats used to strike the victims, the knife wielded by appellant, the cord and cloth used to tie up Mann and Simms' consent to search. All these items were relevant and material to the complete array of facts and circumstances surrounding the commission of these crimes. We therefore hold the exhibits were properly admitted in evidence.

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.