Gary Lee WILES, Appellant,

v.

STATE of Indiana, Appellee.

No. 581S126.

Supreme Court of Indiana.

July 7, 1982.

Rehearing Denied Sept. 13, 1982.

James H. Voyles, Ober, Symmes, Cardwell, Voyles & Zahn, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged on a two-count indictment. Count I was for Burglary and Count II was for Attempted Rape. He was tried before a jury and convicted on both counts. He was sentenced to thirty years imprisonment on each count, the terms to run concurrently.

The facts, construed in the light most favorable to the State, are these. On the night of July 15, 1979, near the hour of 11:00 P.M., the victim, a resident of an Indianapolis apartment complex, was taking a shower when she sensed the presence of someone else in the bathroom. She threw open the shower curtain and found a man wearing a ski mask and carrying a knife in the room. She struggled with the man and managed to rip off the ski mask. Then she stopped struggling with the intruder and began to try to reason with him and persuade him to leave. He in turn began to fondle her breasts and genital area and also threatened to kill her because she had seen his face. At this point the victim resumed struggling with her assailant. The assailant abruptly broke off the attack and left the apartment when the victim received a cut on the hand in the struggle. When the victim attempted to call police she found the telephone cord in her bedroom had been cut, whereupon she used a telephone in another room to call police. She later discovered money from her wallet and jewelry that she had left on the dresser in her room were missing. At trial the victim positively identified appellant as her assailant.

Appellant claims the trial court erred in admitting over his objection a shirt alleged to have belonged to him. The shirt was shown to the prosecutrix, who testified it

was similar to the shirt worn by her assailant. Another witness who testified as to details of a rape allegedly perpetrated upon her by appellant testified it was the shirt he wore during the assault upon her. Still another witness identified the shirt as one loaned to her by appellant after the rape and attempted rape occurred, thus connecting the shirt to appellant. Appellant now argues the shirt should not have been admitted into evidence because it is irrelevant and immaterial.

 Evidence is relevant if it is material to an issue in the case and if it tends to make a desired inference more probable. *Smith v. State*, (1981) Ind., 419 N.E.2d 743; *Turpin v. State*, (1980) Ind., 400 N.E.2d 1119; *Larkin v. State*, (1970) Ind., 393 N.E.2d 180. Additionally the trial court is accorded wide latitude in determining whether or not proffered testimony is relevant. *Begley v. State*, (1981) Ind., 416 N.E.2d 824; *Turpin, supra; Misenheimer v. State*, (1978) 268 Ind. 274, 374 N.E.2d 523. In the case at bar we see no abuse of discretion by the trial court. Proof of the fact the shirt worn by the assailant was the same shirt or was even similar to a shirt owned by appellant tends to make the inference that appellant was the assailant more probable.

Appellant emphasizes the prosecutrix never testified the shirt in question was the one worn by her assailant but rather only testified, "It looks similar to the one used in my apartment . . . ." In *Johnson v. State*, (1980) Ind., 400 N.E.2d 132, the prosecutrix stated a knife linked to the defendant was similar to one used against her, though she could not say for sure it was the same knife. We held the knife admissible as evidence and observed: "That the connection with the crime is inconclusive affects the weight of the evidence but does not render it inadmissible." *Id.* 400 N.E.2d at 133. This case is dispositive of the issue in the case at bar. Though the probative value of the testimony of the prosecutrix may be reduced by her inability to say for certain her assailant wore the shirt, the nature of her testimony did not render it inadmis-

sible as evidence. *See also, Wilson v. State*, (1978) 268 Ind. 112, 374 N.E.2d 45 (shotgun alleged to be murder weapon held admissible as evidence even though eyewitness was unable to say it was the same shotgun he saw used in the crime). We hold there was no error in admitting the shirt into evidence.

Appellant claims the trial court erred in admitting into evidence testimony of a police officer as to a conversation he had with appellant subsequent to the occurrence of the offense. The officer gave appellant a *Miranda* warning, and appellant signed a waiver of rights form. During the conversation appellant admitted he owned a hunting knife and in reference to it stated, "I may have hurt somebody sometime." Appellant contends this statement is inadmissible because it was involuntarily made due to his agitated and unstable state of mind at the time the statement was made.

 Upon examination of the record we find appellant's objection was that the statement of appellant was "too ambiguous and too vague" to be admitted. We might characterize the objection as being a relevancy objection, though appellant did not so state specifically at trial. It is clear, however, that the grounds offered on appeal that the statement was involuntarily made because of the mental condition of the declarant at the time it was made, are not at all the same grounds for objection offered at trial. The grounds for an objection on appeal must be the same as those offered at trial or the error alleged on appeal is deemed waived. *Phelan v. State*, (1980) Ind., 406 N.E.2d 237; *Proctor v. State*, (1979) Ind., 397 N.E.2d 980; *Minton v. State*, (1978) 269 Ind. 39, 378 N.E.2d 639.

 Moreover, we find nothing in the four United States Supreme Court cases cited by appellant that would suggest the "confession" here was involuntary due to appellant's state of mind at the time the statement was made. The sole indication in the record of appellant's alleged mental instability is the officer's testimony that immediately before making the statement appellant became very emotional and began to

cry. We hardly see such evidence as establishing that the "interrogation of [the] prisoner [was] so long continued, with such a purpose, and under such circumstances, as to make the whole proceeding an effective instrument for extorting an unwilling admission of guilt . . . ." *Culombe v. Connecticut*, (1961) 367 U.S. 568, 635, 81 S.Ct. 1860, 1896, 6 L.Ed.2d 1037, 1076.

Also, we do not believe the objection offered by appellant at trial was meritorious. As we have stated evidence is relevant if it is material to an issue in the case and tends to make a desired inference more probable. *Smith, supra; Turpin, supra; Larkin, supra.* Since the prosecutrix indicated she was cut on the hand during the assault and the assailant carried a knife, and the statement of appellant was that he may have hurt someone using the knife, the inference appellant was the assailant in the instant offense may certainly be made from the evidence adduced. The fact appellant did not specifically state he used his knife in assaulting the prosecutrix goes only to the weight to be accorded to the evidence and does not render it inadmissible. *See, Johnson, supra.* We find no error in admitting the testimony of the police officer regarding the statement into evidence.

Appellant claims the trial court erred in admitting into evidence photographs of the bathroom in the victim's apartment. Appellant asserts the photographs were inadmissible because they do not accurately depict the crime scene, as blood spatters visible in the photographs may have been caused by paramedics' treatment of the victim's wounded hand.

It is well established that a photograph is relevant and admissible if it would be proper for a witness to verbally describe the scene or the thing pictured. *James v. State*, (1980) Ind., 411 N.E.2d 618; *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228; *Rogers v. State*, (1979) Ind., 383 N.E.2d 1035. Further, the photograph is competent evidence if it is shown to be a true representation of that which it purports to represent. *James, supra; Sloan v. State*, (1980) Ind., 408 N.E.2d 1264; *Porter*

*v. State*, (1979) Ind., 391 N.E.2d 801. Finally, the admission of photographs is a matter that lies within the sound discretion of the trial court. Reversible error is committed only where there is abuse of that discretion. *James, supra; Rogers, supra; Porter, supra.*

We fail to see any abuse of that discretion here. Photographs of the scene of a crime have been held relevant, in that they aid the trier of fact in orienting himself to the circumstances surrounding the commission of a crime. *Holland v. State*, (1980) Ind., 412 N.E.2d 77. The photographs were those of the scene of the attack upon the victim. As to the argument the blood spatters may have been caused by the paramedics' treatment of the wound to the victim's hand, appellant overlooks the fact the victim testified the photographs accurately depicted the scene of the crime. She also testified "blood was everywhere" immediately after the attack. We hold there was no error in admitting the photographs into evidence.

Appellant claims the trial court erred in admitting into evidence the testimony of a prior victim. She testified as to a rape perpetrated upon her seventeen days before the instant offense. She identified appellant as her assailant. Appellant cites *Henderson v. State*, (1980) Ind., 403 N.E.2d 1088, in support of his argument that though the evidence of prior crimes is admissible where such evidence tends to show intent, motive, purpose, identification, or common scheme or plan, the facts of the two crimes here are too dissimilar to connect the two.

The proposition of law cited by appellant is, of course, correct and has been affirmed by this Court. *See, e.g., Brewer v. State*, (1981) Ind., 417 N.E.2d 889; *Montgomery v. State*, (1980) Ind., 412 N.E.2d 793; *Matter of Perrello*, (1979) Ind., 386 N.E.2d 174. We have also approved the admission of evidence of prior criminal activity marked by unusual or unique characteristics similar to those in the charged offense to prove the identity of the defendant in the crime charged. *Brewer, supra; Grey v. State*,

(1980) Ind., 404 N.E.2d 1348; *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042. In the case at bar the identity of appellant as the assailant was a key issue in the case, due to his assertion of an alibi defense that if completely believed would have made it impossible for him to have committed the crime.

However, we do not agree with appellant that there is a lack of similarity in the circumstances of the two offenses and on the contrary find a number of similarities present. In both cases the assailant threatened the victim with a knife; he took money and jewelry from the victims before confronting them; both victims gave very similar descriptions of the assailant, including that the assailant wore a long sleeved shirt though it was the middle of the summer; the assaults occurred in the same area of Indianapolis only seventeen days apart; and the cords on the extension telephones of the victims were cut before the assault occurred. We believe these similarities were substantial enough to admit the testimony of the prior victim for the purpose of proving the identity of the assailant in this case. We hold there was no error in this regard.

██ Appellant claims the trial court erred in overruling his claim that he should be granted a new trial due to newly discovered evidence. Such a ground for relief is authorized in Ind.Tr.R. 59(A)(6). We have further indicated to gain such relief the evidence must meet a nine part test:

"(1) [T]hat the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced on a retrial of the case; and (9) that it will probably produce a different result." *Tungate v. State*, (1957) 238 Ind. 48, 54–55, 147 N.E.2d 232, 235–36.

In subsequent cases we have affirmed the validity of that test. *See, e.g., Cox v. State*,

(1981) Ind., 419 N.E.2d 1279; *Bryant v. State*, (1979) Ind., 385 N.E.2d 415; *Tessely v. State*, (1978) 267 Ind. 445, 370 N.E.2d 907; *Vacendak v. State*, (1976) 264 Ind. 101, 340 N.E.2d 352.

Appellant's defense at trial was an alibi defense; that on the night of the crime he was on duty at his place of employment, Rock Island Refinery in Indianapolis. Several witnesses were called on appellant's behalf who were employees of Rock Island. One testified appellant's duty assignment during July of 1979 was that of either "alkylation unit operator" or "watchman"; that on different days that month appellant was assigned to one or the other of these assignments. Two other employee-witnesses testified appellant was working as a watchman during July.

The corporate secretary of Rock Island in charge of payroll records testified that appellant's time card indicated on the day of the offense appellant clocked into the plant at 3:40 P.M. and clocked out at 11:49 P.M. The time card was admitted into evidence. This witness testified he did not know, nor would any employee's time card indicate, what his specific duty assignment was.

Several of these witnesses testified there was a strict company policy against leaving the plant during one's shift of duty and to their knowledge it was seldom done.

One testified the clockhouse, where one having the assignment of watchman was permanently stationed during a shift, was one of the busiest places in the plant and that the watchman could not be gone from the clockhouse for more than a few minutes without being missed by a supervisor. This witness further testified it would be impossible for the watchman to be gone from the clockhouse at all after the hour of 11:00 P.M. and not be missed and reprimanded for being absent. None of the witnesses could testify that they actually recalled seeing appellant at any time during the night in question.

In rebuttal the State produced evidence that the driving time between the parking lot of the plant and the front door of the

apartment of the prosecutrix was just over five minutes. Coupled with the testimony of the prosecutrix that the assault occurred around 11:00 P.M. and that the whole confrontation between her and appellant lasted only about ten minutes, the jury could thus conclude if appellant left work to commit the crime he could have returned in time to clock out at 11:49 P.M.

At the hearing on the Motion to Correct Errors appellant called another Rock Island employee as a witness. He produced an official company record, admitted into evidence, made on the night of the offense by the operator of the "alkylation unit." This record contained various readings from gauges and meters that are regularly taken from this unit by its operator. A handwriting expert testified in her opinion appellant recorded the entries on this record. The last of the series of entries was indicated to have been recorded at 10:00 P.M. Another employee testified the total amount of time needed to make the readings and record the necessary data is something over thirty minutes. The testimony of other employee-witnesses verified appellant was working as alkylation unit operator on the night of the offense rather than as watchman as suggested by the evidence at the trial. All the witnesses testified it was hazardous, in terms of job security, to leave the plant during one's shift of duty.

Clearly all nine parts of the test with regard to newly discovered evidence as a basis for granting a new trial must be met. *Cox, supra; Bryant, supra; Tessely, supra; Vacendak, supra; Tungate, supra.* Appellant vigorously contends all nine parts of the test are satisfied in the case at bar; the State contends three parts of the test are not satisfied.

█ We do not agree with appellant that all nine parts of the test are satisfied here; rather we agree with the State that the new evidence if produced in a retrial of the cause will not probably produce a different result. In considering this part of the test we have stated, "In order for newly discovered evidence to warrant a new trial, it must be such as to raise a strong presumption that, in all probability, it would produce a different result upon a re-trial." *Helton v. State*, (1980) Ind., 402 N.E.2d 1263, 1267. Alternatively we have stated, "[T]he newly discovered evidence must be material and decisive in character and be such as to raise a strong presumption that it will, in all probability, result in an opposite conclusion on another trial." *Marshall v. State*, (1970) 254 Ind. 156, 162, 258 N.E.2d 628, 631. In yet another case we stated, "[I]n the absence of a clear indication that the new evidence would probably effect a change in the result of the previous trial a retrial need not be granted." *Bradburn v. State*, (1971) 256 Ind. 453, 459, 269 N.E.2d 539, 543.

We are not moved to dispense with this requirement for gaining the relief sought. The new evidence does not exclude the possibility appellant came to work, left and committed the offense, and returned to work before clocking out. The State had already showed that considering the time frame in which the various events occurred such a construction of the events is within the realm of possibility. The newly discovered evidence does nothing to blunt the viability of this conclusion. By excluding only one of the possible conclusions the jury may have reached with regard to appellant's alibi, we cannot say the evidence is "decisive in character" or raises a "strong presumption" that "in all probability" a new result on retrial would be reached. We hold the trial court did not err in denying appellant a new trial based on newly discovered evidence.

Appellant claims the evidence is insufficient to sustain the conviction and that the verdict is contrary to law.

It is well settled that in considering a claim of insufficiency of the evidence we do not weigh evidence or judge the credibility of witnesses. Rather we look to the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom. If this evidence and those inferences provide substantial evidence to support the elements of the offense the verdict is not disturbed. *Burr v. State,*

(1980) Ind., 403 N.E.2d 343; *Norris v. State*, (1979) Ind., 394 N.E.2d 144; *Moore v. State*, (1978) 268 Ind. 519, 376 N.E.2d 1129.

In the case at bar, we find ample evidence to support the jury finding as to the identity of appellant as the assailant. The record establishes the victim positively identified appellant as her assailant on two occasions. She identified him from the witness stand as her assailant, and testimony from her and a police officer established that she picked him out of a police lineup conducted three and a half months after the crime. We have held a conviction can be sustained on identification by a single witness. *Kimmel v. State*, (1981) Ind., 418 N.E.2d 1152; *Royston v. State*, (1979) Ind., 397 N.E.2d 285; *Lewis v. State*, (1978) Ind., 383 N.E.2d 65. Discrepancies in the victim's testimony as to whether or not the assailant had facial hair, measured against the testimony of his coworkers as to whether or not he had facial hair then, go to the weight of the evidence and the credibility of the witness, which are matters we do not consider. *Burr, supra; Norris, supra; Moore, supra.* We hold the evidence is sufficient to support the verdict of the jury.

The trial court is in all things affirmed.

All Justices concur.