Stephen **BARNETT**, Appellant,
(Defendant Below),

v.

**STATE of Indiana,** Appellee,
(Plaintiff Below).

No. 3–1285 A 351.

Court of Appeals of Indiana,
Third District.

June 18, 1986.

---

Charles R. Deets, III, Heide, Sandy, Deets & Kennedy, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

On May 1, 1985, the appellant Stephen Barnett was convicted of maintaining a common nuisance (IND. CODE § 35–48–4–13(b) (1982)), a Class D felony. Appellant was also tried on a charge of possession

with intent to deliver over ten pounds of marijuana. (IND.CODE § 35–48–4–10(a)(2) (1982)). The trial court found that appellant had been entrapped into committing the possession offense.

This case began when a Jack Murphy began contacting the appellant about harvesting some wild marijuana that was growing on Murphy's property. Barnett initially refused, because he was too busy doing other work. At one point when Murphy was at Barnett's house, Murphy inquired whether Barnett had any marijuana for sale. Barnett said that he had approximately seven pounds and showed it to Murphy.

After substantially more cajoling, Barnett agreed to harvest and dry Murphy's marijuana. At the same time that he was lining up Barnett, Murphy was also telling the Indiana State Police of the planned harvest and of the marijuana stored in Barnett's house. In exchange for this information, Murphy sought help with charges pending against him in Jasper County.

Barnett arrived at Murphy's house at the appointed time and under Murphy's direction began the harvest. Several Indiana State policemen were also there, hiding nearby, and observing the scene.

After loading the marijuana onto his truck, Barnett returned home where two other State policemen arrested him and advised him of his *Miranda* rights. After the arrest, one of the officers read Barnett a standard consent to search form, explained its meaning and advised him that he was not required to sign it.

Barnett indicated his understanding by saying, "Yeah, I know.... You've got me.... I want to cooperate." After signing the form, Barnett took the officers on a tour of his house, showing them his personal "stash" and showing them the large quantity of marijuana that he had stored in his attic. As a result of this search, Barnett was charged with maintaining a common nuisance.

On appeal Barnett's only contention is that the trial court erred in admitting the

evidence obtained pursuant to the consent to search. Appellant attempts to attack the evidence from three different angles.

■ Appellant first contends that his consent to the search was invalid because he was not fully informed of his constitutional rights before signing. In this claim appellant attempts to rely on *Sims v. State* (1980), 274 Ind. 495, 413 N.E.2d 556, which holds that before a consent to search is valid, the subject must explicitly waive his constitutional right to counsel.

However, at trial, appellant did not object to the introduction of the evidence on these grounds. When the evidence obtained from the search of the house was first introduced, the following exchange occurred between the court and appellant's attorney:

"MR. HENRY: Your Honor, I'm going to object to continued testimony as to what they found until they prove that everything they found in their consent was granted knowingly, intentionally and voluntarily under all the circumstances ...

\*   \*   \*   \*   \*   \*

THE COURT: Let me see if I understand what you're saying. You're framing an objection to the testimony that he's giving now [Indiana State Trooper Gayer] for the reason that the Consent to Search was not given voluntarily and without threat or promise is, am I understanding what what you're saying?

MR. HENRY: That's correct."

Appellant's additional objections, which were lodged as each item of evidence was introduced, also went to the voluntariness of the consent.

Appellant's objections at trial were clearly directed only towards the voluntariness of the consent. Now, on appeal, appellant attempts to raise the issue of not having been apprised of his right to counsel before giving his consent. These are two fundamentally different issues. *See, Sims v. State, supra; Larkin v. State* (1979), 271 Ind. 469, 393 N.E.2d 180; *Pirtle v. State*

(1975), 263 Ind. 16, 323 N.E.2d 634, *reh. denied.* Appellant's failure to object at trial on the grounds outlined in *Sims v. State, supra,* results in the objection being waived, since an issue cannot be raised for the first time on appeal. *Beland v. State* (1985), Ind., 476 N.E.2d 843; *see also, Heald v. State* (1986) Ind. 492 N.E.2d 671.

■ Appellant next argues that the evidence should have been excluded because the search and subsequent consent was the product of an illegal arrest. As previously noted, appellant was found to have been illegally entrapped into committing the offense of possession with intent to deliver over ten pounds of marijuana.

This Court again finds that appellant has waived this issue on appeal because he failed to object on this ground at trial. While this resolution of the issue makes it unnecessary to further discuss appellant's claim, this Court notes that it appears from the record that appellant's conviction was based on information and evidence that was unconnected to the entrapment. Thus any taint that might have attached to evidence related to the entrapment would not have also attached to the evidence which supports the conviction.

■ Appellant's third and final attack on the evidence appears to be based on a claim that the search was unconstitutional because a warrant was not obtained. This Court finds no merit in appellant's argument.

A valid consent to search, given by the person from whom evidence is seized, is one of several recognized exceptions to the requirement that officials obtain a warrant before conducting a search. *Brames v. State* (1980), 273 Ind. 565, 406 N.E.2d 252; *Hill v. State* (1978), 267 Ind. 480, 371 N.E.2d 1303; *Muegel v. State* (1971), 257 Ind. 146, 272 N.E.2d 617, *reh. denied.*

At trial, appellant did not object to the admission of the consent form. As previously noted, appellant's only objection to admission of the evidence from the search was that consent had not been given voluntarily. Thus the only question preserved

for review is whether appellant voluntarily consented to the search.

The voluntariness of a consent is a question of fact to be determined from all the circumstances. *Brames v. State, supra,* at 255. In the present case, the State Police officer read the consent to search form to appellant, asked if he had any questions and specifically told him that he was not required to sign the form. Appellant clearly and unequivocally acknowledged his understanding and then willingly cooperated.

In light of the circumstances, this Court finds that appellant's consent was given voluntarily and therefore the consent to search was also valid. Since appellant voluntarily consented to the search, the police were not required to obtain a warrant and the search was proper.

For all the reasons stated above the conviction is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.